

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MARYANNE CARSON
Special Assistant Corporation Counsel
Email: mcarson@law.nyc.gov
Phone: (212) 356-2598

30 January 2015

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

        RE:    Gersbacher v. City of New York, et. al.
                  14 cv 7600 (GHW) (KNF)

Dear Judge Woods:

      I am a Special Assistant Corporation Counsel for The City of New York, and write to request a pre-Motion conference as directed by Your Honor's Rule of Practice 2C. The City and recently-served individual defendants seek the Court's intervention in anticipation of Motions to dismiss and strike under Rules 12(e) and (f). The bases for the Motions are set forth below.

      The relief sought is appropriate because the law firm representing plaintiff has repeatedly filed similarly prolix and over-wordy complaints against the City and officers of the NYPD. Such improperly-drafted complaints place an unnecessary burden upon, and expense to, the City and the City's taxpayers. As such, the City has requested pre-motion conferences to address this issue in two previous cases in which the same counsel had drafted similar complaints;[1] in both instances, the Court has ordered counsel to amend their client's complaint.

                                      ********

      The complaint was filed on 9/19/2014, three years (minus one day) after the event from which plaintiff's injuries are alleged to arise: his 2011 arrest during the occupancy of Zuccotti Park. Two of the named individual defendants were served with process in the weeks before Christmas; the third has yet to be served; the City has appeared in the case through counsel.

---

[1] Lynch v. City of New York, 12 cv 4439 (Pauley, J.) and Lewis v. City of New York, 12 cv 1279 (Sheindlin, J.).

From this arrest, plaintiff's counsel has fashioned a single-spaced, 30 page (but unpaginated) pleading which succeeds more in confounding the mind of its reader than placing the City on notice of plaintiff's claim against it.[2]

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). Rule 8(d), titled in part **"Pleading to be Concise and Direct,"** underscores the requirement of simplicity and brevity: "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The reason behind the Rule is readily apparent to a party attempting to respond to a complaint which fails to meet its requirements: "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).

In this action, plaintiff purports to identify seven (7) legal theories against individual NYPD officers and the City. The complaint is single spaced and 30 pages long -- thus effectively a 60 page complaint. It contains 262 numbered paragraphs, and 12 footnotes by which it incorporates other lengthy documents. The excessively wordy language and multitude of irrelevant allegations of the complaint simply do not meet the standard of practice in this District and the requirements of Rule 8.

The complaint's excessive prolixity is apparent as one attempts to read, comprehend and respond to it. It is close to impossible to sift through the unnecessary and repetitive language to identify the relevant material from the mass of verbiage. Plaintiff's account of his arrest spans nine (or 18 double-spaced) pages; his recitations in support of a municipal liability claim span thirteen (or 26 double-spaced) pages. This excess of verbiage is both unnecessary and burdensome.

In addition, the complaint includes lengthy explanations of matters that have absolutely no relevance to the single encounter with police of which plaintiff complains. Plaintiff cites and quotes from various reports and news articles critical of NYPD's law enforcement tactics which are almost 20 years old. These include the 1994 Mollen Commission Report (¶¶ 220-254); a Human Right Watch Report relating to police practices in the mid-90's (¶¶ 238-248); actions taken by Mayor Giuliani in 1998 (¶¶ 244-6) and various newspaper articles from the 1990s. This is not a class action for damages sustained by arrestees 20 years ago: it is action for damages to a single plaintiff arising from a 2011 event. Whatever practices existed in the 1990s, they have absolutely no bearing upon plaintiff's 2011 arrest.[3]

---

[2] Plaintiff's failure to abide by the double spacing requirement of Local Rule 11(b) serves to heighten this effect.

[3] In addition, the complaint contains numerous overbroad statements wholly unrelated to the controversy at hand. Example include: "municipalities nationwide frequently" falsely arrest citizens for various impermissible reasons (¶¶ 181-3); the NYPD is violating citizens' internationally-protected human rights (¶215); and a "Blue Wall of Silence" exists at the NYPD whereby officers "cover up their fellow officers' misconduct" (¶¶ 224- 261).

Plaintiff's "kitchen sink" approach to drafting the complaint and the purported municipal liability claim under Monell v. Dept of Social Services[4] may have its genesis in the heightened pleading standard laid out in Ashcroft v. Iqbal[5]. The Iqbal decision – with its requirement that a plaintiff allege clear, specific and plausible facts supporting a §1983 violation based upon the decisions of high-level government policymakers – can provide no justification for plaintiff's "throw everything against the wall and see what sticks" approach to pleading.

Simply put, the complaint, like the complaint in Morgens Waterfall Holdings, LLC. V. Donaldson, Lufkin & Jenrette, 198 F.R.D. 608 (S.D.N.Y. 2001) "is hopelessly redundant, argumentative, and has much irrelevancy and inflammatory material. It is excessively long-winded, and its wordiness is unjustified. It is hopelessly in violation of the rules of pleading." 198 F.R.D. at 609 (Pollack, J.).

********

Defendant respectfully requests a pre-motion conference, and thanks Your Honor for your consideration.

Respectfully Submitted

Maryanne Carson
Special Assistant Corporation Counsel

cc: served via ECF

Samuel B. Cohen
Stecklowe, Cohen & Thompson

---

[4] 436 U.S. 658 (1978)

[5] 556 U.S. 662 (2009)