

| | | |
|---|---|---|
| **ZACHARY W. CARTER**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | MARYANNE CARSON<br>Special Assistant Corporation Counsel<br>Email: mcarson@law.nyc.gov<br>Phone: (212) 356-2598 |

March 5, 2015

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

                RE:   <u>Gersbacher v. City of New York, et. al.</u>
                      14 cv 7600 (GHW) (KNF)

Dear Judge Woods:

      I am a Special Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorneys for defendant City, and write to request a pre-Motion conference as directed by Your Honor's Rule of Practice 2C. Defendant respectfully requests the conference in anticipation of motions to dismiss the complaint under Rule 12(b)(6), and for sanctions under Rule 11. The motions are based upon the fact that videos incorporated by reference into the complaint directly contradict certain of the complaint's key factual allegations and provide grounds for its dismissal as a matter of law.

      As your Honor may recall, the City sought and received leave to file motions under Rules 8, 12(e) and 12(f), dismissing or striking portions of the complaint for its burdensome and unnecessary prolixity, and its inclusion of an excess of irrelevant information.[1] In preparing the motions, and identifying which sections of the complaint should be stricken, I reviewed for relevance the numerous reports and other documents which were incorporated by reference into the complaint; those reports exceeded 500 pages in length. In so doing, I discovered that one of those incorporated documents contained an excerpt of a video recording, the complete version of which directly contravenes certain of the complaint's key factual allegations.[2] The incorporation of this video evidence into the complaint forms the basis of a case-dispositive 12(b)(6) motion.

---

[1] Plaintiff's complaint is approximately 30 single-spaced and unpaginated pages, and contains 262 paragraphs. His claim is based upon a single 2011 encounter with the NYPD in Zuccotti Park, which resulted in his arrest.

[2] See https://www.youtube.com/watch?v=r1O-JCliYgs, last visited on 3/5/15.

The videotape at issue memorializes the events prior to, during and after plaintiff's arrest, and provides the City with the basis for a motion to dismiss for failure – indeed, an inability – to state a cause of action. The memorialized and incontrovertible facts belie the rendition of the facts averred by plaintiff, and establish the absence of a legally cognizable claim against defendants. Specifically, the video establishes that probable cause for plaintiff's arrest existed as a matter of law, and that the plaintiff is unable to prove conduct supporting legally cognizable claims of false arrest, excessive force, failure to intervene, retaliatory arrest, and denial of medical assistance. This being so, his claim for municipal liability under <u>Monell v. Dept. of Social Services</u>[3] must also fail.

Concurrent with this request, the City is serving plaintiff's counsel with a letter outlining the basis for an anticipated Rule 11 motion. The basis for the motion is that the factual allegations of the complaint are unsupported by evidence, and that the incontrovertible record, as memorialized on the video, establishes that plaintiff's claims and legal contentions are unwarranted as a matter of law. The letter advises plaintiff's counsel that the City will seek the imposition of Rule 11 sanctions if the complaint is not withdrawn within 21 days.

Defendant respectfully requests a pre-motion conference, on a date which the Court deems appropriate, in anticipation of filing of the motions noted above. Thank you, Your Honor, for your consideration.

                                                      Respectfully Submitted,

                                                      _____/s/_____
                                                           Maryanne Carson
                                         *Special Assistant Corporation Counsel*

cc: <u>served via ECF</u>

Samuel B. Cohen
Stecklowe, Cohen & Thompson

---

[3] 436 U.S. 658 (1978)