SAMUEL B. COHEN                                    WWW.LAWYERSFORTHERESTOFUS.COM

_____

STECKLOW COHEN & THOMPSON                          217 CENTRE ST. FL. 6
                                                   NEW YORK, NY 10013
                                                   T(212) 566-8000
                                                   F(212) 202-4952
                                                   SAM@SCTLAW.NYC

June 22, 2015

**VIA ECF**
Hon. Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     <u>Gersbacher. v. The City of New York, *et al*.</u> – 14cv7600 (GHW)

Dear Honorable Judge Woods:

Per Your Honor's order of May 21, 2015, Counsel for the parties have conferred and now jointly submit the below responses as requested in advance of the June 29, 2015 conference before Your Honor in this case:

**1.     A brief statement of the nature of the case, the principal claims and defenses thereto, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;**

**Plaintiff's Statement:**

This is an action under 42 U.S.C. §1983 and 42 U.S.C. §1988, arising from violations of Plaintiff Eric Gersbacher's constitutional rights by Defendant Inspector Edward Winski, PO Gonzalez, other as-yet unidentified New York City Police Officers, and Defendant City of New York. On September 20, 2011, the Plaintiff Eric Gersbacher, then a nineteen-year-old student at Buffalo State College, was present in Zuccotti Park. Eric was present in connection with Occupy Wall Street ("OWS"), which was entering the fourth (4th) day of its approximately sixty (60) day tenure at Zuccotti Park.

Eric was sitting on a tarp which had not been left in the park and which was not attached or fastened to any objects when he was unlawfully ordered to move by New York City Police Officers. Believing this order to be unlawful, Eric remained sitting on the tarp; however, he began to fear for his safety after witnessing New York City Police Officers tackle and arrest three other individuals. To protect himself, Eric began to move off of the tarp, but before he was able to fully remove himself from the tarp, Eric was grabbed by the shirt by an as-yet unidentified New York City Police Officer.

Even though Eric had done nothing wrong and was not issued any lawful Police orders or warnings, Eric was seized, physically tossed in the air, brutalized and falsely arrested by Defendant Police Officers. After he was physically tossed in the air, the Defendants pulled Eric by his collar and belt, picked him up and carried him a short distance, pushed and held his face and head to concrete, and punched him. At least five (5) Defendant Police Officers collectively used their full body weight on Eric's back, legs, arms, neck and head, before one or more Defendant Police Officers pulled Eric's arms behind his back. These physically intense maneuvers combined with the mental stress of the situation caused Eric to suffer an asthma attack.

No Defendant Police Officer responded to Eric's cries that he could not breathe and that he was having an asthma attack. A bystander attempted to inform them that Eric was having an asthma attack, and that she had a potentially lifesaving asthma inhaler available for Eric's use. Unmoved, Defendant Police Officers continued to obstruct Eric's breathing and did not allow him to use an inhaler for approximately two minutes. Eric was once again forced down and detained with a set of flexi-cuffs which visibly cut off Eric's circulation for the second time; a prior set applied had come loose contemporaneous with Defendant Police Officers' rough treatment of Eric. The physical force used on Eric, as well as the use of flexi-cuffs caused him additional pain and injury to his wrists, shoulders and elbows, including numbness and tingling in his hands and fingers.

During Eric's trip to the 1st Precinct, his stay therein, and his detention thereafter, Eric was subjected to a series of abuses. Eric was wrongfully detained for thirty-six (36) hours), during twelve (12) of which, Eric had not been told with what he was being charged. At no point did any New York City Police Officer intervene with any of the aforementioned unlawful behavior toward Eric. As a result of Defendants' above abusive behavior, Eric feared for his life,

suffered severe mental anguish and pain, was forced to withdraw from Buffalo State College, and was fired from a subsequent job as a landscaper.

Plaintiff now brings the instant action seeking relief for false arrest, excessive force, retaliation for First Amendment protected expression, failure to intervene, and deliberate indifference to serious medical needs, as well as relief from Defendant City under *Monell* for unconstitutional customs and practices relating to condoning excessive force and improper arrests undertaken to justify improper uses of force and chill first-amendment protected expression, among other issues.

**Defendants' Statement:**

As reflected by the video evidence, plaintiff was refusing lawful orders inside Zucotti Park. When he continued to refuse those orders he was placed under arrest. After defying the police orders he then resisted arrest. Ultimately, officers were able to place plaintiff in custody and place him in zip tie cuffs. Plaintiff claims he was suffering from an asthma attack, but concedes was allowed to use an inhaler within minutes of his arrest. He was held until he was arraigned and released on his own recognizance. All force used against plaintiff was reasonable and probable cause existed for his arrest.


**2.     A brief statement as to the basis of subject matter jurisdiction and venue, and a brief statement as to the presence or absence of subject matter jurisdiction and venue;**

This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

**3.     A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions, and (iii) other applications that are expected to be made at the status conference;**

On April 7, 2015, Defendants filed for dismissal of the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that plaintiff has failed to state a claim upon which relief can be granted, and has alleged that defendants are entitled to qualified immunity from suit under applicable law. This motion is currently fully briefed and pending before this honorable court.

Plaintiff anticipates no other motions or applications at this time.

Defendants state: To the extent this case is not resolved on the motion to dismiss, defendants anticipate moving for summary judgment.

**4.     A brief description of any discovery that has already taken place, and any that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings;**

No discovery has taken place to date.

**5.     A computation of each category of damages claimed;**

Plaintiff cannot estimate his damages claimed at this time with certitude or authority. Plaintiff seeks damages in the following categories:

A.   Physical Pain and Suffering of a past, present and future nature in an amount to be determined by a jury as fair and reasonable;

B.   Emotional Pain and Suffering of a past, present and future nature in an amount to be determined by a jury as fair and reasonable;

C.   Severe and Permanent Physical and Psychological injuries in an amount to be determined by a jury as fair and reasonable;

D. Loss of Enjoyment of Life of a past, present and future nature in an amount to be determined by a jury as fair and reasonable;

E. Unspecified past and future medical bills;

F. Fright, Fear and Aggravation, Humiliation, Anxiety and Emotional Distress of a past, present and future nature as a result of the false charges being placed on Plaintiffs and the injuries sustained as a result of the illegal actions of the Individual Defendants' use of excessive force in an amount to be determined by a jury as fair and reasonable;

G. Loss of Earning Capacity;

H. Attorney's fees pursuant to 42 U.S.C. §1988;

I. Punitive damages against the applicable Defendants in an amount to be determined by a jury as fair and reasonable;

J. Pre and Post-Judgment Interest;

**6. A statement describing the status of any settlement discussions and whether the parties would like a settlement conference;**

On or about October 24, 2014, after the filing of this matter but before Defendants had filed their request for a pre-motion conference, Plaintiff's counsel met and conferred with Dara Weiss, Esq., Senior Counsel in the New York City Law Department's Special Federal Litigation Division, regarding settlement prospects in four (4) §1983 matters, including this matter. At that time, Plaintiff conveyed an early settlement demand of One Hundred Thousand Dollars ($100,000), inclusive of costs and fees. While the other three cases under discussion at that time have all subsequently settled, no further settlement discussions have occurred in this matter to date, and Plaintiff's early settlement demand has been withdrawn. No new settlement demand has been tendered by Plaintiff, but Plaintiff remains interested in a negotiated resolution of this matter and would participate in settlement discussions.

**7.     Any other information the parties believe may assist the Court in resolving the action.**

Please do not hesitate to have your clerk contact us with any questions or concerns.

Respectfully Submitted,

_____~//s//~_____          _____~//s//~_____
Samuel B. Cohen, Esq.                                  Andrew Lucas, Esq.
Stecklow Cohen & Thompson                   New York City Law Department
Attorney for Plaintiff                                      Attorney for Defendants