UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------

| | |
|---|---|
| ERIC GERSBACHER , | Docket No. 14cv7600 (GHW) |
| Plaintiff, | PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL TESTIMONY |
| -against- | |
| THE CITY OF NEW YORK, ET AL., | |
| Defendants. | |

---------------------------------------------------------------------

Plaintiff Eric Gersbacher

By

Samuel B. Cohen [SC 0622]
494 8th Avenue Suite 1000
New York, NY 10001
Phone/Fax:     212 537 5919
E-mail: Sam@SamCohenLaw.com

**Preliminary Statement:**

In the instant action, Plaintiff Eric Gersbacher complains of his false arrest initiated by Defendant Edward Winski on charges of Obstruction of Governmental Administration and Resisting Arrest.  Defendants have claimed probable cause to arrest Mr. Gersbacher as an affirmative defense in this matter.  The charges presented against Mr. Gersbacher and proposed by Defendants share a common element: for there to have been probable cause to arrest Mr. Gersbacher under any of the charges at issue, Defendant Winski would have had to have been undertaking a lawfully authorized police function in ordering Mr. Gersbacher to get off of a tarp that was on the ground at Zuccotti Park on September 20, 2011.  Plaintiff has disputed that Defendants were engaged in a lawfully authorized police function in the course of his arrest since the inception of this action.

Defendant Winski was the commanding officer of the NYPD First Precinct at the time of the incident given rise to this action, and has since been promoted.  In his deposition, Defendant Winski testified that he had no personal knowledge of the law or rule purportedly authorizing his actions at issue here, and that he relied exclusively on the advice of an NYPD Legal Bureau attorney, Lieutenant Daniel Albano, in determining that the tarp removal he had been ordered to undertake by the NYPD's second-in-command was lawfully authorized.  Defendants' Counsel invoked attorney client privilege in instructing Defendant Winski not to respond to Plaintiff's queries regarding the contents of his communications with Lieutenant Albano on the date of the incident.

Plaintiff contends that Defendant Winski's communications with Lieutenant Albano are integral to Defendants' affirmative defense of probable cause, and that Defendants have effected an implied waiver of privilege with respect to same through their practice in this matter to date.

By this motion, Plaintiff moves for an Order confirming this implied waiver of privilege as to the conversation or conversations between Defendant Winski and Lieutenant Albano on the morning of September 21, 2011 that led Defendant Winski to conclude that he was lawfully authorized to undertake the actions leading to Mr. Gersbacher's arrest.  Plaintiff further respectfully moves for the Court to issue an Order compelling both Defendant Winski and Lieutenant Albano to testify in depositions regarding the content of the relevant conversation or conversations, and compelling Defendants to produce any materials relied upon by Lieutenant Albano in formulating the advice provided to Defendant Winski on September 20, 2011, with respect to tarps in Zuccotti Park.

**Statement of Facts:**

On April 7, 2016, Plaintiff Eric Gersbacher began his deposition of Defendant Edward Winski in this matter.  *See* Plaintiff's Exhibit C, Transcript of April 7, 2016 Deposition of Defendant Edward Winski, 1 (Exhibit C hereinafter referenced as "Transcript").  At deposition, Defendant Winski testified that he initiated the arrest of Plaintiff on September 20, 2011.  Transcript, Page 195, Lines 8-9.  (Transcript Page and Line references hereinafter referenced as "Transcript [Page]:[Line]," e.g., "Transcript 195:8-9").  In the incident giving rise to this action, Plaintiff was charged with Obstruction of Governmental Administration in the Second Degree (PL §195.05) and Resisting Arrest (PL §205.30), on the allegation that he refused to comply with an order of Defendant Winski to move off of a tarp in Zuccotti Park when ordered.  *See* Plaintiff's Exhibit A, Complaint, ¶¶4, 115 (Exhibit A hereinafter referenced as "Complaint").  In support of their position, Defendants claim that this order was lawful, and this claim is memorialized in their Fifth Affirmative Defense, which alleges that probable cause existed for

Plaintiff's arrest. See Exhibit B, Answer, Page 13 (Exhibit B hereinafter referenced as "Answer").

However, at deposition Defendant Winski was unable to articulate the legal basis for his alleged order to Mr. Gersbacher, and testified that he had been ordered to undertake enforcement action by then-Chief of the Department Joseph Esposito, that the basis for this action was explained to him by Lieutenant Daniel Albano of the NYPD Legal Bureau, and that he relied on the advice of Lieutenant Albano in taking the actions at issue here. Transcript 135:23 - 139:21. Defendants' Counsel repeatedly directed Defendant Winski not to answer questions at deposition relating to the content of his discussion with Lieutenant Albano on the basis of attorney-client privilege. *See* Transcript 127:6-17; 130:2-21; 139:4-21; 156:6 – 157:1; 158:17 – 159:19; 160:12 – 161:24; 165:17-25. However, Defendant Winski affirmatively testified that in taking action on September 20, 2011, he was relying on advice of counsel. Transcript 161:25 – 162:5.

At the time of the incident, Defendant Winski was the commander of the NYPD First Precinct. Transcript 166:1-3. Defendant Winski is aware that police officers have a duty to intercede on behalf of civilians if they observe an officer acting in an unlawful manner towards said civilians. Transcript 79:13-18. Defendant Winski cannot recall any occasion where he has ever interceded in an interaction between an officer and a civilian where he felt the officer was violating the civilian's constitutional rights. Transcript 80:9-19.

At Defendant Winski's deposition, Counsel initiated a call with the Court to seek a ruling on the propriety of Defendant's invocation of privilege and to compel testimony from Defendant on the alleged privileged communications, and the schedule for the instant motion was set in that call. Transcript 243:6 – 274:24.

3

**Relevant Legal Standards:**

    **Charges Tendered and Proposed Against Plaintiff:**

PL §195.05 states, in pertinent part, that "[a] person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act…." An individual cannot be convicted of Obstruction of Governmental Administration unless the underlying police action interfered with was authorized. *See, e.g., People v. Lupinacci*, 191 AD2d 589, (2nd Dept. 1993); *Matter of Anthony B.*, 201 AD2d 725, (2nd Dept. 1994); *People v. Greene*, 221 AD2d 559 (2nd Dept. 1995); *People v. Vogel*, 116 Misc 2d 332, 457 N.Y.S.2d 666 (2nd Dept. 1994), *People v. Cacsere*, 185 Misc 2d 92, 712 N.Y.S.2d 298 (2nd Dept. 2000); *People v. Simon*, 145 Misc 2d 518 (NY Co. Crim. Ct.1999); *People v. Feliciano*, 2 Misc. 3d 1008(A), (NY Co. Crim. Ct. 2004); *People v. Briggs*, 24 Misc. 3d 1217(A) (NY Co. Crim. Ct. 2009).

Where no probable cause exists to authorize an individual's arrest, that individual cannot be guilty of Resisting Arrest under PL §205.30. *People v. Peacock*, 68 N.Y.2d 675, 677 (N.Y. 1986).

Defendants have also argued that probable cause existed to arrest Plaintiff under PL §240.20(6), Disorderly Conduct. A violation of PL §240.20(6) requires refusal to comply with a lawful order to disperse, and "[n]ot every police instrument constitutes a 'lawful' order to leave, [so] the circumstances justifying such an order must be examined." *People v. Benjamin*, 713 N.Y.S.2d 247, 468 (N.Y. Cnty Crim. Ct. 2000); *see also People v. Millhollen*, 786 N.Y.S.2d 703, 707 (City Ct. 2004) (noting that it is "the People's burden to allege evidentiary facts that the

4

police issued a lawful order to disperse."). Courts have found that "…if the police officer's direction to move was arbitrary and unreasonable under the circumstances, the conviction will not stand." *People v. Benjamin* at 468 (internal citations omitted).

### Attorney Client Privilege and Implied Waiver of Privilege

The attorney client privilege is intended to foster "full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "The lawyer-client privilege rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out." *Trammel v. United States*, 445 U.S. 40, 51 (1980).

Courts find that an implied waiver of attorney client privilege has been effected where it is shown that a party has relied on a privileged communication as an element of a claim or a defense. *Prichard v. County of Erie*, 546 F.3d 222, 228 (2d Cir. 2008). "The assertion of an 'advice-of-counsel' defense has been properly described as a 'quintessential example' of an implied waiver of the privilege." *Id.*; *citing In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 470 (S.D.N.Y. 1996). The Second Circuit has explicitly held that a party's reliance on privileged advice from counsel in making a claim or defense is required to effect an implied waiver of the privilege. *Prichard* at 229.

**Argument: DEFENDANTS HAVE WAIVED PRIVILEGE OVER THE CONTENT OF THE 9/20/11 CONVERSATION BETWEEN DEFENDANT WINSKI AND LIEUTENANT ALBANO REGARDING TARPS IN ZUCCOTTI PARK.**

As discussed above, Defendants in this case are claiming attorney client privilege to prevent Defendant Winski from testifying as to the contents of the discussions between

5

Defendant Winski and Lieutenant Albano of the NYPD Legal Bureau regarding the legal basis for the police action leading to Plaintiff's arrest on September 20, 2011.  Defendants have raised the affirmative defense of probable cause in their Answer, and Defendant Winski has testified that he initiated the arrest of Plaintiff at issue here.

Under controlling case law, probable cause to arrest Mr. Gersbacher under the actually charged initial crime, PL §195.05, or the Defendants' proposed *Devenpeck* charge, PL §240.20(6), could only have been found if Defendant Winski was engaged in an authorized police function at the time of his ordering the Plaintiff to get off of the tarp that Defendants were seeking to remove. At deposition, Defendant Winski could not articulate the legal basis for the attempt of police to seize the tarp at issue in this incident, and testified that he relied on the advice of counsel, to wit, Lieutenant Albano, in determining whether the course of action he was ordered to undertake by Chief Esposito was lawful.  Defendant Winski also testified that he was aware of his duty to intercede on behalf of civilians to prevent violations of their constitutional rights, so it may be presumed *arguendo* that he would object to a blatantly unlawful order from Chief Esposito.

As such, the content of the discussions between Lieutenant Albano and Defendant Winski are integral to Defendants' asserted affirmative defense of probable cause, in that they were relied upon, apparently exclusively, by Defendant Winski in taking the actions at issue in this matter. Plaintiff submits that the situation presented here conforms entirely to the Second Circuit's holding in *Prichard*, and that an implied waiver of attorney client privilege has been effected as to the content of the conversation between Defendant Winski and Lieutenant Albano regarding the tarp removal enforcement action undertaken by Defendant Winski on September 20, 2011, which led to Plaintiff's arrest.

**Conclusion:**

    For the reasons set forth herein, Plaintiff respectfully requests that this Court rule in his favor and find that Defendants have waived attorney client privilege over the September 20, 2011 conversation(s) between Defendant Winski and Lieutenant Daniel Albano of the NYPD Legal Bureau referenced by Defendant Winski in his April 7, 2016 deposition.  Plaintiff respectfully requests that this Court direct both Defendant Winski and Lieutenant Albano to testify as to the content of the specific conversations at issue here, regarding the enforcement action undertaken by Defendant Winski on September 20, 2011, which led directly to the arrest of Plaintiff Eric Gersbacher in this matter, and direct Defendants to produce any materials prepared by the NYPD Legal Bureau in support of said position.  This information will advance one of the most critical factual disputes presented in this matter, by revealing the basis for Defendants' assertion of probable cause to arrest Plaintiff.


Dated: April 14, 2016
       New York, New York

        ~//s//~
        Samuel B. Cohen
        Attorney for Plaintiff
        494 8th Avenue Suite 1000
        New York, NY 10001
        T/F: (212) 537-5919