UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

ERIC GERSBACHER,

                              Plaintiff,

              -against-

CITY OF NEW YORK, ET AL.,

                              Defendants.

-------------------------------------------------------------------- x

**DEFENDANTS'
MEMORANDUM OF LAW
IN OPPOSITION TO
PLAINTIFF'S MOTION TO
COMPEL TESTIMONY**

14 CV 7600 (GHW)

Defendants City of New York, Edward Winski and Alan Gonzalez (collectively, "Defendants"), respectfully submit this supplemental memorandum of law regarding plaintiff's counsel's assertion of an implied waiver the attorney-client privilege in this case.

## PRELIMINARY STATEMENT

On September 20, 2011, Chief of Department, Joseph Esposito, Inspector Edward Winski and Daniel Albano of the NYPD Legal Bureau were present in Zuccotti Park. Winski Dep. 125:11-16. Inspector Winski conferred with Chief Esposito and Daniel Albano that day, and the message given to Inspector Winski by Chief Esposito was that the tarps in the park had to be removed. Winski Dep. 128: 17-22. It was Inspector Winski's understanding that the tarps were in violation of a rule or the administrative code. Winski Dep. 137:5-9. Inspector Winski cannot now, some four and half years after the incident, recall specifically what the code section states, but it was his understanding that the tarps were illegal structures inside the park. Winski Dep. 137:5-23.

Inspector Winski gave instructions via bullhorn to people inside Zuccotti Park to remove their tarps from the park or the NYPD would remove them. Plaintiff testified that he within ten feet of the Inspector at the time the Inspector gave these orders via a bullhorn.

Plaintiff's Dep. 109:8 – 110:19.  Subsequent to these orders, plaintiff walked over to a tarp, asked people to gather around and then proceeded to jump on top of a tarp in an erratic and threatening manner.  Winski Dep. 184:14-18; 185:15-21.  Once on the tarp, plaintiff sat down on the tarp facing away from Inspector Winski.  Winski Dep. 192:7-11.  Inspector Winski, with a bullhorn in one hand, tapped plaintiff on his shoulder with his other hand to make sure that plaintiff understood that he had to get off of the tarp.  Winski Trans. 182:17:24, 191:9-20.  In so doing, Inspector Winski was giving plaintiff an opportunity to get off the tarp.  Winski Dep. 194:8-16.  Upon being tapped on the shoulder, plaintiff immediately spun around and stood up from a seated position facing Inspector Winski in a standoffish and threatening manner screaming directly at him.  Winski Trans. 189:22-24, 192:12-23.  At that moment, Inspector Winski made the decision that plaintiff was going to be arrested.  Winski Dep. 195:13-25.

## PROCEDURAL HISTORY

At his deposition in this case on April 7, 2016, Inspector Winski was questioned regarding the fact of and the substance of communications he had with Daniel Albano of the NYPD Legal Bureau on the date of plaintiff's arrest.  Inspector Winski was directed by counsel not to answer any questions regarding the substance of these communications but was directed to answer any questions regarding the fact of the communications and when and where the communications took place.  At his deposition, a call was made to Your Honor and a briefing schedule was determined for plaintiff's motion to compel.  Defendants ask that the Court decline to compel Inspector Winski to testify as to confidential communications between himself and Daniel Albano on the date at issue.  Defendants further ask the Court to deny plaintiff's request to compel the deposition of non-party witness, Daniel Albano.

## ATTORNEY-CLIENT PRIVILEGE HAS NOT BEEN IMPLIEDLY WAIVED

"The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." In re Grand Jury Subpoena Dated March 20, 2013, 13 mc 189 (SHS), 2014 U.S. Dist. LEXIS 91901, 19-20 (S.D.N.Y. June 24, 2014) (quoting United States v. Mejia, 655 F.3d 126, 132 (2d Cir. 2011)). With respect to government lawyers, it is not uncommon for attorneys to participate in the giving legal advice to agency employees. See Davis v. City of New York, 2012 U.S. Dist. LEXIS 24834, 35-36 (S.D.N.Y. Feb. 27, 2012), In re the County of Erie, 473 F.3d 413, 421 (2d Cir. 2007). Communications between and among Chief Esposito, Inspector Winski and Daniel Albano are client confidences obtained in the course of rendering legal advice and as such are properly privileged. Defendants do not contend that what Daniel Albano saw on September 20, 2011, in Zuccotti Park is privileged nor are defendants contending that the fact that he did confer and when or where he conferred with Inspector Winski and/or Chief Esposito is privileged. Defendants argue that communications between client and attorney for the purpose of obtaining legal advice are privileged.

Plaintiff asks that the Court compel Inspector Winski to answer several questions that he was instructed not to respond to at his deposition on the basis of the attorney-client privilege. The deposition questions concerned the substance of advice given to him by Daniel Albano regarding the legality of the presence of a mass of tarps in the park. The communications in question involve the rendering of legal advice and are therefore presumptively privileged. Plaintiff contends that the privilege should be deemed impliedly waived on the basis that the advice given to Inspector Winski on September 20, 2011, is integral to the defense of probable cause.

- 3 -

In Prichard v. County of Erie (In re County of Erie), 546 F.3d 222, 228 (2d Cir. 2008), relied upon by plaintiff in his motion, the Court held that in order for there to be an implied waiver of the attorney-client privilege, a party must rely on the privileged advice from his counsel to make his claim or defense.  The Court in declined to specify or speculate as to what degree of reliance is required.  Id.  As was the case in Prichard, defendants here do not rely upon the advice of counsel in the assertion of their defense in this action.  The affirmative defense of probable cause asserted by defendants does not place the privileged communications between Daniel Albano and Inspector Winski at issue in this case.

The existence of probable cause depends upon "the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." Devenpeck v. Alford, 543 U.S. 146, 152-53 (2004).  The existence of probable cause is determined objectively based on the totality of the circumstances. Id.  Plaintiff was arrested based upon his actions and the determination of Inspector Winski and not upon legal advice given to Inspector Winski by any member of the NYPD Legal Bureau.  It is clear from Inspector Winski's personal observations that sufficient evidence existed to establish probable cause for disorderly conduct at the very least.  Inspector Winski testified that after tapping plaintiff on the shoulder to give him an opportunity to get off of the top of the tarp, plaintiff immediately stood up, faced Inspector Winski and started screaming at him in an aggressive manner.  Under these facts and circumstances, it would certainly be reasonable for Inspector Winski to infer that plaintiff was engaging in tumultuous or threatening behavior as defined in NYPL § 240.20, or subject to arrest for various other criminal provisions.  Regardless, probable cause does not turn on the substance of communications between Inspector Winski and Daniel Albano.  The legality of plaintiff's arrest has nothing to do with legal advice that Daniel Albano gave to Inspector Winski.

As was the case in <u>Prichard</u>, plaintiff's deposition inquiries were properly terminated prior to testimony into the specifics of the advice received by Inspector Winski, and the principal substance of the attorney-client communications was not revealed. Indeed, as noted in <u>Prichard</u>, the fact that the deponent was not before a "decisionmaker or fact finder" when he made the statements claimed by plaintiff to have triggered the waiver means that plaintiff has not been placed in a disadvantaged position at trial.

The attorney-client privilege is one of the "oldest recognized privileges for confidential communications." <u>Pritchard</u>, citing <u>Swidler & Berlin v. United States</u>, 524 U.S. 399, 403, 118 S. Ct. 2081, 141 L. Ed. 2d. 379 (1998).  Its purpose is to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." <u>Swidler & Berlin</u> at 403.  Police officers on the beat need to have ready access to legal advice, and the trust between officer and legal counsel should not be pierced or weakened simply because an officer relies on this advice in the field and honestly testifies to this fact in a deposition.

In sum, plaintiff has failed to meet his burden in establishing implied waiver and cannot pierce the attorney-client privilege.

April 28, 2016
New York, New York

**ZACHARY CARTER**
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2373

By:    /s/ _____
           Amy Robinson
           Special Federal Litigation Division