SAMUEL B. COHEN                                                    WWW.SAMCOHENLAW.COM
_____

ATTORNEY & COUNSELOR AT LAW                           494 8TH AVE. STE. 1000
                                                      NEW YORK, NY 10001
                                                      T/F(212) 537-5919
                                                      Sam@SamCohenLaw.com

                                                      August 8, 2016

**VIA ECF**
Hon. Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

        Re:    *Gersbacher. v. The City of New York, et al*. – 14cv7600 (GHW)
               <u>Letter Motion to Modify or Quash Subpoena</u>

Dear Honorable Judge Woods:

      Please recall that I, along with the Law Offices of Stecklow & Thompson, represent Plaintiff Eric Gersbacher in the above-referred matter. On July 27, 2016, Defendants informed Plaintiff via e-mail of their intent to serve a subpoena duces tecum on Christine Carville, LCSW, Plaintiff's treating expert, who was deposed on July 8, 2016. The subpoena, attached hereto as Exhibit A for Your Honor's reference, was marked as returnable on August 4, 2016, one (1) week after Plaintiff was made aware of the subpoena, and demanded a broad scope of work product materials putatively related to Ms. Carville's deposition, in what may fairly be termed a deep dive for prospective impeachment material for use at trial in this matter. The subpoena was served on Ms. Carville while my co-counsel Wylie Stecklow, who attended Ms. Carville's deposition, was away on vacation, and the subpoena was also served prior to Defendants' tender of a transcript of Ms. Carville's deposition on or about August 4, 2016. As a result, your correspondent had no way of determining the reasonableness of certain of Defendants' subpoena demands with relation to the case presently at issue. Even with the transcript, however, your correspondent can only speculate as to the purposes of Defendants' subpoena practice beyond a simple, if overbroad, search for impeachment materials.

1

Mr. Stecklow returned from his vacation on Monday, August 1, 2016, and proceeded to review the subpoena with Ms. Carville and your correspondent on Tuesday August 2, 2016. Following our review, which determined that the subpoena was at very least substantially overbroad, Mr. Stecklow reached out to Defendants' Counsel on Wednesday August 3, 2016 to request a conference in advance of the subpoena return date. Defendants' Counsel responded that they would be in contact the following day, August 4, 2016, the denominated return date for the subpoena at issue.

On August 4, 2016, Mr. Stecklow and Ms. Robinson of Corporation Counsel conferred, but Ms. Robinson declared unilaterally that she was withdrawing several items from the subpoena before conference commenced. The conference led to the narrowing of substantially all of Defendants' remaining subpoena requests, and the Defendants' maintenance of several other subpoena requests and subparts thereof with acknowledgement that the requests were questioned by Plaintiff under the 2010 amendments to FRCP 26 with respect to work product protections for drafts of expert discovery materials. In sum, Defendants withdrew two (2) of their eleven (11) requests and agreed to modify and limit eight (8) of the remaining nine (9) requests, but have declined to issue a new subpoena despite Plaintiff's Counsel's request for issuance of a clean document. Due to Defendants' refusal to issue a new subpoena, a note document used by Counsel in discussing the subpoena is attached here as Exhibit B, and an e-mail from Defendants' Counsel indicating their agreement with most aspects of the note document is attached here as Exhibit C.

As a result of Plaintiff's efforts to conference, the disputes regarding the attached are limited to disputes regarding Defendants' subpoena request 1 and its subparts, which seeks, *inter alia*, all of Ms. Carville's privileged work product relating to the Plaintiff, in continuing and knowing disregard of FRCP 26(b)(4)(B). All other materials agreed-upon in the parties' August 4, 2016 conference are being prepared for production by Ms. Carville now.

In opposing these subpoena demands, Plaintiff is at something of a disadvantage, as Defendants have not indicated to Plaintiff the actual purpose for the information and materials sought. In the absence of a definite statement on the matter, Plaintiff can only assume that Defendants are fishing for potential inconsistencies in Ms. Carville's notes and files, and for other means to impeach Ms. Carville as to her past experience and the present case. Without any such statement from Defendants, Plaintiff can only respectfully ask that the Court direct

Defendants to show cause as to why their remaining requests should be allowed to stand, and to provide Plaintiff with an opportunity to respond once Defendants stake out their position. Plaintiff is confident that this process can be undertaken in tandem with remaining expert discovery in this matter.

 Thank you for your time and consideration. Please do not hesitate to have your clerk contact us with any questions or concerns.

 I remain,

               Very Truly Yours,

               ~//s//~
               Samuel B. Cohen, Esq.