

| ZACHARY W. CARTER<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Amy Robinson<br>Spec. Assistant Corp. Counsel<br>Email: arobinso@law.nyc.gov<br>Phone: (212) 356-3518 |
|---|---|---|

August 19, 2016

**BY ECF**
The Honorable Gregory H. Woods
Southern District of New York
500 Pearl Street
New York, NY 10007

      RE:    <u>Gersbacher v. City of New York, et al.</u>,14 cv 7600 (GHW) (KNF)

Your Honor:

      I am a Special Assistant Corporation Counsel in the Special Federal Litigation Division and the attorney assigned to the defense of this case. Defendants submit this pre-motion letter per the Court's individual practices, § 2(A)(1), to request, (1) leave to file a motion for summary judgment under Fed. R. Civ. P. 56 and (2) that defendants be permitted to move to exclude any opinion, report or testimony of Christine Carville, LSCW, pursuant to Fed. R. Evid. 702 and <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579 (1993).

      On September 20, 2011, plaintiff was arrested in Zuccotti Park during and Occupy Wall Street ("OWS") protest. Prior to his arrest, Inspector Winski, on advice of legal counsel, informed protestors that tarps in Zuccotti Park were illegal structures, ordered the tarps to be removed and ordered protestors to move back from the tarps. After these orders were given, plaintiff jumped on top of one of the tarps. Winski ordered plaintiff to get off of the tarp. Plaintiff refused and was placed under arrest charged with obstructing governmental administration and resisting arrest. His arrest was assigned to Officer Gonzalez who was not at the scene. Plaintiff was arraigned the following day. He accepted an adjournment in contemplation of dismissal on all charges. Plaintiff maintains claims for false arrest, failure to intervene, excessive use of force, deliberate indifference to medical needs, First Amendment retaliation and municipal liability. Plaintiff's claim for excessive force due to tight cuffs was dismissed by the Court, (Dkt. No. 30, Sept. 25, 2015).

      There was probable cause to arrest and prosecute plaintiff. "A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function *or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference*…" N.Y. Pen. Law § 195.05 (emphasis added).

      "Probable cause exists where the facts and circumstances within the officer's knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant

a man of reasonable caution in the belief that an offense has been, or is being committed by the person to be arrested." Dunaway v. New York, 442 U.S. 200, 208 (1979). Plaintiff in this instance is captured on video climbing on top of a tarp during a protest after Winski, using a bullhorn, repeatedly informed protestors, including plaintiff, that tarps in Zuccotti Park had to be removed and to move back from the tarps. Winski specifically ordered plaintiff to move off of the tarp; he refused to comply and was arrested. Video demonstrates that plaintiff not only ignored Winski's orders; he responded by yelling to other protestors, "everybody gather in the center, come here, come here," flagrantly disregarding a lawful order to move away from the tarp and to get off of the tarp. Accordingly, there was probable cause to arrest plaintiffs for obstructing governmental administration among other potential charges.

At the very least, there was arguable probable cause for Winski to believe that plaintiff was attempting to prevent officers from removing the tarp, which entitles him to qualified immunity. Furthermore, Winski is entitled to qualified immunity in relying upon the advice of counsel. Gonzalez is entitled to qualified immunity in relying upon a reasonable report of an officer indicating probable cause. Annunziata v. City of New York, 2008 WL 2229903, at *3 (S.D.N.Y. May 28, 2008) (citing People v. Ramierz-Portoreal, 88 NY2d 99 (1996)). Gonzalez did not detain plaintiff, but rather was assigned his arrest after Winski had already detained him. Gonzalez was not even at or near the scene of arrest. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010).

Plaintiff's claim of excessive use of force must be dismissed based on the facts presented. The Courts have consistently held "that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof . . . ." Graham v. Connor, 490 U.S. 386, 396 (1989). Despite plaintiff's claims, video evidence of this incident shows that plaintiff was not punched, hit or otherwise touched in any manner that was unnecessary or inappropriate in the officers' attempt to remove him from the tarp and place him in handcuffs. Video also establishes that plaintiff had no visible injuries as a result of the arrest. Moreover, as stated above, Gonzalez had no personal involvement; accordingly, any excessive force claim against him must be dismissed.

Plaintiff claim that he received inadequate medical attention must also be dismissed. Pursuant to Weyant v. Oksta, plaintiff must plead facts sufficient to demonstrate that he was denied treatment necessary to remedy a serious medical condition and that it was done with deliberate indifference to that need. 101 F.3d 845, 856 (2d Cir. 1996). Plaintiff must also provide evidence that he suffered from an objectively serious medical condition, which is defined as a "condition of urgency, one that may produce death, degeneration, or extreme pain." See Green v. Senkowski, 100 Fed.Appx. 45, 46 (2d Cir. 2004) (citation omitted). Additionally, plaintiff must show that defendants acted with a sufficiently culpable state of mind. See Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

In this case, plaintiff told officers during his arrest that he was having an asthma attack. Video demonstrates that Winski permitted an OWS medic to administer an asthma inhaler to plaintiff at the scene of arrest. According to his own testimony, plaintiff was examined by two EMTs at 1st precinct and by two EMTs when he later arrived at central booking, and that the only medical complaint made to any EMT was alleged injury due to tight cuffs. Plaintiff not only

fails to state what serious medical condition he had, he also fails to state that he ever made any of the four EMTs, let alone the defendants, aware of any serious condition that would lead any defendant to think a lack of treatment would result in substantial risk of serious harm.

Plaintiff's First Amendment claim is subject to dismissal as there was probable cause for his arrest. Fabrikant v. French, 691 F.3d 193, 215-216 (2d Cir. 2012). As considered above, plaintiff's arrests were proper and justified by his violations of the law, and plaintiff cannot adduce any evidence to establish his claim.

In the absence of an underlying constitutional deprivation, there can be no liability under Monell v. Social Services. City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S. Ct. 1571 (1986); Kamholtz v. Yates County, 350 Fed. Appx. 589, 592 (2d Cir. 2009). In addition, any alleged injuries are a result of plaintiff's conduct and are not fairly traceable to any plausibly alleged municipal policy. Board of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404 (1997); Iqbal, 566 U.S. at 678. As plaintiff's Monell claim is dependent upon an underlying constitutional violation, which plaintiff cannot establish, the municipal liability under Monell must fail. Plaintiff's failure to intervene claim also fails as a matter of law. As discussed above, plaintiffs' constitutional rights were not violated. In the absence of a constitutional violation, there can be no failure to intervene. Waddlington, 2013 U.S. Dist. LEXIS at *30.

Plaintiff seeks to enlist the aid of Ms. Carville, who interviewed plaintiff. Carville was disclosed as a treating expert under FRCP 26(a)(2)(C). The determination as to whether one is a "treating physician" centers around why the physician was retained—to treat the plaintiff or to provide expert testimony at trial. Evans v. U.S., 978 F. Supp. 2d 148, 153 (ENDY 2013). If a claimed treating physician is actually an expert then her testimony must be excluded for failure to properly disclose her under Rule 26. Ali v. Connick, 2016 U.S. Dist. LEXIS 67466 at *25.

The factors considered in making this determination, include, why plaintiff saw the doctor, the reason for the referral and how often the doctor was consulted. Zanowic v. Ashcroft, 2002 U.S. Dist. LEXIS 3857, 2002 WL 373229, at *2-3. An examination of these factors and others demonstrate that Carville was retained by counsel to provide expert testimony in this case, and as she was not properly identified as an expert, no testimony or opinion relating plaintiff should be admitted in this case. Plaintiff's counsel, (1) referred plaintiff to Carville, who practices in NYC, for a detailed, 3-hour mental status examination, (2) prepped Carville for her deposition in this case, (3) represented her at her deposition, (4) appears to have altered the conclusion to her treating notes where she recommended that plaintiff begin therapy with a counselor where he lives, Buffalo, NY, (5) asserted privileges on her behalf in objecting to a subpoena issued to her in this case and (6) is drafting Carville's subpoena responses. Carville testified that she did not have time to write the report and has received no payment from plaintiff for any treatment. Because Carville was not a treating physician, her testimony must be excluded as a result of plaintiff's failure to properly disclose her under Rule 26.

For all these reasons, and other reasons that will be set out fully in our motion to dismiss, plaintiff's complaint should be dismissed in its entirety and with prejudice. Defendants request a conference before the Court to discuss the issues raised in this letter, or alternatively a briefing schedule to fully present the parties positions.

Thank you for your consideration.

Respectfully submitted,

/s/
Amy Robinson
*Spec. Assistant Corporation Counsel*

cc: Wylie M. Stecklow
 Samuel B. Cohen