

**THE CITY OF NEW YORK**

**ZACHARY W. CARTER**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Amy Robinson
Spec. Assistant Corp. Counsel
Email: arobinso@law.nyc.gov
Phone: (212) 356-3518

August 31, 2016

**BY ECF**
The Honorable Gregory H. Woods
Southern District of New York
500 Pearl Street
New York, NY 10007

    RE: Gersbacher v. City of New York, et al., 14 cv 7600 (GHW)

Your Honor:

  I am a Special Assistant Corporation Counsel in the Special Federal Litigation Division and the attorney assigned to the defense of this case. The parties submit this joint letter in accordance with the Court's order dated August 25, 2016, in which the parties were directed to meet and confer regarding proposed modifications to the subpoenas issued to Christine Carville and to plaintiff's counsel and to write to the Court jointly with respect to the results of these discussions.

  Defendants' Position

  On June 6, 2016, the final day for expert disclosures, and with no prior conferral, plaintiff disclosed Christine Carville as an expert witness who does not provide a written report under FRCP § 26(a)(2)(C) together with Ms. Carville's provider notes pertaining to plaintiff. Ms. Carville was then deposed in this case, and at her deposition, she provided a copy of her notes in which the portion of her findings indicating that she was not plaintiff's treating physician was deleted. In point of fact, upon closer review, this was not the only alteration to Ms. Carville's notes. At some time between when her notes were provided on June 6, 2016, and when her notes were provided again at her deposition a month later, numerous changes were made to her notes. The third version of Ms. Carville's notes, which were recently provided in response to the subpoena issued to her, contains information that was omitted from both of the prior versions, including, "avoiding being around people, I make a habit out of blocking it out, protesting and having fake asthma attacks."[1]

  These alterations to a medical professional's contemporaneously maintained notes make

---

[1] This is particularly troubling in light of plaintiff's claim that he suffered an asthma attack during his arrest and his maintaining a deliberate indifference to medical needs claim.

answering the issued subpoenas all the more paramount to determining how numerous alterations, additions and deletions were made to notes following visits plaintiff had with Ms. Carville more than four years ago. While defendants understand that draft reports and communications between a retained expert and the retaining attorney are not generally discoverable, this amendment to the rules does not include editing underlying medical records.

To date, plaintiff's counsel has declined to produce any electronic versions of Ms. Carville's notes, including the metadata, which may be the only way to determine how and who edited her notes. In response to Ms. Carville's subpoena, plaintiff provided a limited and heavily redacted set of documents invoking the work product privilege for each redaction and also provided yet a third version of Ms. Carville's notes with respect to this plaintiff that defendants have never seen before.

The parties met and conferred and the following remains at issue. Defendants respectfully request, (1) all electronic versions of Ms. Carville's notes, sent to and received from plaintiff's counsel, including metadata, (2) an in camera review to determine whether the invocation of privilege to the redacted documents provided in response to the subpoena are appropriate, or in lieu of in camera review, production of the documents in fully-unredacted form, and (3) and as the motion to quash was denied, responses to the subpoena issued to plaintiff's counsel.

Plaintiff's Position

Per the direction of this Honorable Court, Counsel for Plaintiff and Defendants conferred via telephone on August 30, 2016. Defendants declined to restrict their subpoena requests in any way in that conference, and did not raise the new issues that they allege in the instant submission at conference, which were first received by Plaintiff at 4:34 PM on August 31, 2016. Plaintiff urges the Court to decline to consider the new issues raised by Defendants, as they fall outside of the scope of issues conferred upon by the parties, and are raised only now in this instant letter to the Court without prior notice to Plaintiff.

In conference, Plaintiff took the position that the subpoenas to Ms. Carville and Plaintiff's Counsel Wylie Stecklow were substantially identical, and that the submitted response to the subpoena issued by Defendants to Ms. Carville obviates response to the substantially identical subpoena issued by Defendants to Mr. Stecklow. Plaintiff also generally takes issue with Defendants having subpoena'ed Plaintiff's Counsel in this matter.

As noted by Defendants, work product privilege has been asserted over much of the subpoena'ed materials, with the preponderance of privilege objections naturally arising in connection with the Defendants' demand for correspondence between Ms. Carville and Plaintiff's Counsel. As Counsel for Ms. Carville with respect to the subpoena, Samuel B. Cohen maintains these assertions of privilege and has furnished Defendants with a privilege log for same.

Defendants have declined to limit their subpoenas in any way pursuant to the direction of this Honorable Court, and as a result, Plaintiff submits that this Court should not afford them relief as a reward for their non-compliance.

     Lastly, Plaintiff must note that Defendants continue to misrepresent basic facts to the court. Above, and in the past, the Defendants have claimed that Ms. Carville was first disclosed to them in early June 2016. However, in March 2016, Ms. Carville was identified in Plaintiff' initial discovery responses, specifically in response to Defendant's Interrogatory No. 17, as a treating provider that Plaintiff intends to call at trial. Additionally, Plaintiff's Counsel's records show that a supplemental authorization for Ms. Carville's records was provided to Defendants on May 5, 2016. While it is true that the FRCP 26(a)(2)(C) disclosure for Ms. Carville was not served until the June 2016 date stated by Defendants, Defendants had been demonstrably aware of Ms. Carville as a treating provider and intended witness in this matter for several months prior to the date they have repeatedly represented to Your Honor.

                                              Respectfully submitted,

                                              /s/

                                            Amy Robinson
                                            *Spec. Assistant Corporation Counsel*

                                            Samuel B. Cohen, Esq.
                                            *for Plaintiff*