**WYLIE M. STECKLOW**  WWW.LAWYERSFORTHERESTOFUS.COM
**STECKLOW & THOMPSON**

217 CENTRE ST. FL. 6
NEW YORK, NY 10013
T(212) 566-8000
F(212) 202-4952
WYLIE@SCTLAW.COM

September 15, 2016

<u>Via ECF</u>
Hon. Judge Gregory H. Woods
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

        Re:    Matter:    *Gersbacher v. City of New York et al.*,
                    Index #:   14cv7600(GHW)(KNF)

Dear Honorable Judge:

      Please accept this letter in response to the letter dated September 15, 2016 from ACC Lucas (Docket 76) ("Mr. Lucas' Letter"). At approximately 1:15pm today, I received an email from Mr. Lucas (Attached as Exhibit A) ("Mr. Lucas' E-Mail"). By 2:00pm, I had a telephone call with my co-counsel and began identifying documents and drafting a reply to Mr. Lucas' E-mail. At 3:05pm, I replied to Mr. Lucas with an e-mail (Attached as Exhibit B). Items 3 & 4 on Mr. Lucas Letter to the Court should be satisfied by the documents provided in my reply to Mr. Lucas' E-mail.

      Defendants have provided no basis in law for any of the relief requested in Mr. Lucas' Letter. In the absence of any proffered authority supporting Defendants' professed fishing expedition into Plaintiff's Expert practice, Plaintiff respectfully submits that no further expert or fact discovery is warranted in this matter.

      Lastly, Ms. Carville sent an email to the undersigned asking whom she could contact at the "NYC legal firm to expedite payment." I forwarded the invoice to Mr. Lucas, who responded, in Mr. Lucas' E-mail:

> Finally – I note that you sent us an invoice.  If you had taken a deposition of a fact witness you would not expect to pay their hourly wage when you did so, correct?  That's true even if you had taken the deposition of a treating Dr., Nurse, EMT, etc. right?  Well that's what Ms. Carville is in this case.  If she was a retained expert this might be a different conversation, but she's not, and you did not represent her as such.  I'm happy to get her the $40.00 subpoena fee if that didn't go through.

According to Rule 26(b)(4)(E)(i), Ms. Carville is entitled to her fees in responding to discovery. The attached invoice (Attached as Exhibit C) indicate Ms. Carville's reasonable hourly rate of $150 for the time she spent in relation to defendants discovery, a total invoice of $2,175 (this is the same hourly rate Ms. Carville testified concerning when questioned at her deposition by Mr. Lucas). The defendants have indicated their intention to ignore the invoice.

It is respectfully requested that all discovery should now be closed and that the defendants should make payment to Ms. Carville for this invoice.

I remain,

Very truly yours,

--//s//--

Wylie Stecklow