UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

ERIC GERSBACHER,

                                                        Plaintiff,

                     -against-                                    14 Civ. 7600 (GHW) (KNF)

THE CITY OF NEW YORK, a municipal entity, NEW YORK
CITY POLICE OFFICER GONZALEZ, NEW YORK CITY
POLICE OFFICER RAMIREZ, NEW YORK CITY DEPUTY
INSPECTOR EDWARD WINSKI, NEW YORK CITY "John
Doe" POLICE OFFICERS 1-10,

                                                        Defendants.

-------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTIONS *IN LIMINE*

### ZACHARY W. CARTER
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendant Inspector Edward Winski*
100 Church Street
New York, New York 10007

By:   Brachah Goykadosh
      *Assistant Corporation Counsel*
      Special Federal Litigation Division
      (212) 356-3523

## TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS ................................................................................ ii

TABLE OF AUTHORITIES .......................................................................... iv

LEGAL STANDARD ....................................................................................2

ARGUMENT ...............................................................................................3

POINT I .......................................................................................................3

PLAINTIFF SHOULD BE PRECLUDED FROM ARGUING FAILED THEORIES OF LIABILITY AND INTRODUCING EVIDENCE ON FAILED CLAIMS ...........3

A.   Plaintiff Should Be Precluded from Re-Litigating Failed Theories of Liability and Introducing Evidence Concerning Those Failed Claims.........................................................3

B.   The Court Should Instruct the Jury on Its Summary Judgment Rulings. .........................5

C.   Plaintiff Should Be Precluded from Playing Portions of the Video that Do Not Depict the Incident at Issue. ...................................................................................6

D.   Plaintiff Should Be Precluded from Testifying about Any Purported Damages Arising from Failed Claims. .......................................................................................6

E.   Plaintiff Should Be Precluded from Calling Police Officer Allan Gonzalez as a Witness................................................................................................. 7

F.   Plaintiff Should Be Precluded from Calling Miriam Rocek and Giles Clark as Witnesses....................................................................................................8

G.   Plaintiff Should Be Precluded from Testifying or Introducing Any Evidence About His Tight Handcuffing Claim.........................................................................11

H.   Plaintiff Should Be Precluded from Testifying or Introducing Evidence About His Asthma..................................................................................................12

POINT II.....................................................................................................13

PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO DEFENSE COUNSEL AS "CITY ATTORNEYS" OR INCLUDING THE CITY OF NEW YORK IN THE CAPTION TO THIS ACTION ..............................................13

A.   Plaintiff Should Be Precluded from Referring to Defense Counsel as "City Attorneys."............................................................................................13

B.   Plaintiff Should Be Precluded from Including the City of New York in the Caption to this Action...............................................................................................14

C.   Plaintiff Should Be Precluded from Inquiring about City of New York Trainings, Policies, or Practices..................................................................................14

POINT III ...........................................................................................................15

    PLAINTIFF SHOULD BE PRECLUDED FROM SUGGESTING THAT DEFENDANT WINSKI WILL BE INDEMNIFIED BY THE CITY OF NEW YORK ..................................................................................................................15

POINT IV ...........................................................................................................17

    PLAINTIFF SHOULD BE PRECLUDED FROM SUGGESTING A DOLLAR AMOUNT FOR DAMAGES TO THE JURY ............................................17

POINT V .............................................................................................................18

    PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING HIS MEDICAL RECORDS .......................................................................................................18

POINT VI ...........................................................................................................19

    PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING ANY EVIDENCE TO BOLSTER HIS CHARACTER ................................................19

POINT VII ..........................................................................................................21

    PLAINTIFF SHOULD BE PRECLUDED FROM INQUIRING INTO DEFENDANT'S DISCIPLINARY HISTORY .....................................................21

POINT VIII .........................................................................................................22

    PLAINTIFF SHOULD BE PRECLUDED FROM ARGUING ABOUT WHAT DEFENDANT COULD OR SHOULD HAVE DONE ...................................22

POINT IX ...........................................................................................................23

    PLAINTIFF SHOULD BE PRECLUDED FROM TESTIFYING ABOUT OR OFFERING EVIDENCE CONCERNING THE NEW YORK CITY POLICE DEPARTMENT PATROL GUIDE ...................................................................23

POINT X .............................................................................................................24

    PLAINTIFF SHOULD BE PRECLUDED FROM ELICTING TESTIMONY OR ARGUING ABOUT OTHER INSTANCES OF ALLEGED POLICE MISCONDUCT RELATED TO THE OCCUPY WALL STREET MOVEMENT .....24

POINT XVII ........................................................................................................26

DEFENDANT RESERVES THE RIGHT TO FILE SUPPLEMENTAL MOTIONS *IN LIMINE* ..........................................................................................................26

CONCLUSION ....................................................................................................26

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Ashcroft v. Iqbal,
  556 U.S. 662 (2009)........................................................................................................11

Banks v. Yokemick,
  144 F. Supp. 2d 272 (S.D.N.Y. 2002) .........................................................................16

Banushi v. Police Officer Alvin L. Palmer Shield No. 04009 & Equashia Allen,
  No. 08 Civ. 2937(KAM), 2011 U.S. Dist. LEXIS 419 (E.D.N.Y. Jan. 4, 2011) ......................2

Brown v. City of New York,
  862 F.3d 182 (2d Cir. 2017) ........................................................................................23

Brown v. City of New York,
  No. 13 Civ. 1018 (KBF), 2016 U.S. Dist. LEXIS 53365 (S.D.N.Y. Apr. 20,
  2016) ............................................................................................................................23

Bynum v. Metro. Transp. Auth.,
  No. 01-cv-7945 (CLP), 2006 U.S. Dist. LEXIS 98617 (E.D.N.Y. Nov. 21,
  2006) .........................................................................................................................9, 10

Carey v. Piphus,
  435 U.S. 247 (1978).......................................................................................................7

Castro v. City of New York,
  No. 06-cv-2253 (KAM) (RER), 2009 U.S. Dist. LEXIS 69723 (E.D.N.Y.
  Aug. 10, 2009) .............................................................................................................10

Colon v. Coughlin,
  58 F.3d 865 (2d Cir. 1995) ..........................................................................................11

Consorti v. Armstrong World Indus.,
  72 F.3d 1003 (2d Cir. 1995), vacated on other grounds, 116 S. Ct. 2576 (1996) ..................17

Corley v. City of New York,
  No. 14 Civ. 3202 (GHW), 2017 U.S. Dist. LEXIS 162761 (S.D.N.Y. Sep. 28,
  2017) ............................................................................................................................11

Edwards v. City of New York,
  No. 08 Civ. 2199 (TLM), 2011 U.S. Dist. LEXIS 75300 (E.D.N.Y. July 13,
  2011) ............................................................................................................................16

Eng v. Blood,
    No. 04 Civ. 1146 (NAM)(GHL), 2008 U.S. Dist. LEXIS 54802 (N.D.N.Y.
    July 17, 2008) ...................................................................................................6

Gersbacher v. City of New York,
    No. 14 Civ. 7600 (GHW), 2017 U.S. Dist. LEXIS 162707 (S.D.N.Y. Oct. 2,
    2017) ....................................................................................................*passim*

Green v. Baron,
    879 F.2d 305 (8th Cir. 1989) .............................................................................15

Hart v. RCI Hosp. Holdings, Inc.,
    90 F. Supp. 3d 250 (S.D.N.Y. 2015) ....................................................................5

Hodges v. Keane,
    886 F. Supp. 352 (S.D.N.Y. 1995) .......................................................................18

Huddleston v. United States,
    485 U.S. 681 (1988).............................................................................................21

Jaquez v. Flores (In re Estate of Jaquez),
    No. 10 Civ. 2881 (KBF), 2016 U.S. Dist. LEXIS 34521 (S.D.N.Y. Mar. 17,
    2016) .....................................................................................................................14

Jean-Laurent v. Hennessy,
    840 F. Supp. 2d 529 (E.D.N.Y. 2011) ................................................................16

Jean-Laurent v. Wilkinson,
    No. 05 Civ. 0583 (VM), 2009 U.S. Dist. LEXIS 20472 (S.D.N.Y. Mar. 13,
    2009) .....................................................................................................................16

Kamara v. United States,
    04 Civ. 626 (THK), 2005 U.S. Dist. LEXIS 20651 (S.D.N.Y. Sept. 20, 2005) .....................19

Larez v. Holcomb,
    16 F.3d 1513 (9th Cir. 1994) .......................................................................15, 16

Lawson v. Trowbridge,
    153 F.3d 368 (7th Cir. 1998) .......................................................................15, 16

Lombardo v. Stone, et al.,
    2002 U.S. Dist. LEXIS 1267 (S.D.N.Y. 2002)....................................................21

Loria v. Gorman,
    306 F.3d 1271 (2d Cir. 2002) ........................................................................7, 11

McGuire v. Bridgeport & Port Jefferson Steamboat Co.,
    No. 00 Civ. 5951 (WK), 2001 U.S. Dist. LEXIS 19753 (S.D.N.Y. Nov. 29,
    2001) .................................................................................................................15

Mileski v. Long Island R.R.,
    499 F.2d 1169 (2d Cir. 1974) ...........................................................................17

Patterson v. Balsamico,
    440 F.3d 104 (2d Cir. 2006) .............................................................................10

Phillips v. City of New York,
    871 F. Supp. 2d 200 (E.D.N.Y 2012) ...............................................................17

Rosioreanu v. City of New York,
    07-CV-2925 (LB), 2012 U.S. Dist. LEXIS 26424 (E.D.N.Y. Feb. 29, 2012) ........18

Simpson v. City of New York,
    No. 12 Civ. 6577 (KBF), 2015 U.S. Dist. LEXIS 138723 (S.D.N.Y. Oct. 9,
    2015) ....................................................................................2, 13, 14, 18

Skinner v. City of New York,
    No. 15 Civ. 6126 (KAM), 2017 U.S. Dist. LEXIS 104650 (E.D.N.Y. Apr. 7,
    2017) ...................................................................................................17

Smith v. Freland,
    954 F.2d 343 (6th Cir. 1992) ............................................................................23

Spencer v. Int'l Shoppes, Inc.,
    902 F. Supp. 2d 287 (E.D.N.Y. 2012) .................................................................3

Triola v. Snow,
    No. 01-cv-1603, 2006 U.S. Dist. LEXIS 13146 (E.D.N.Y. Mar. 15, 2006) ...........10

United States v. Bermudez,
    529 F.3d 158 (2d Cir. 2008) ...............................................................................2

United States v. Thorn,
    446 F.3d 378 (2d Cir. 2006) ...............................................................................3

Williams v. McCarthy,
    No. 05 Civ. 10230 (SAS), 2007 U.S. Dist. LEXIS 79151 (S.D.N.Y. Oct. 25,
    2007) ...........................................................................................13, 15, 16

Zellner v. Summerlin,
    494 F.3d 344 (2d Cir. 2007) .............................................................................12

**Statutes**

42 U.S.C. § 1983................................................................................................1, 7, 11, 24

General Municipal Law § 50(k) ........................................................................................16

N.Y. GEN. MUN. L. §§ 50-k(3)-(4) ..................................................................................16

New York General Municipal Law ...................................................................................15

**Other Authorities**

FED. R. CIV. P. 26.....................................................................................................8, 9, 10

FED. R. EVID. 401.......................................................................................................2, 6, 12

FED. R. EVID. 402..................................................................................................2, 10, 14, 22

FED. R. EVID. 403...........................................................................................................passim

FED. R. EVID. 404(A)............................................................................................................20

FED. R. EVID. 404(b)............................................................................................................21

FED. R. EVID. 602................................................................................................................7

FED. R. EVID. 801.........................................................................................................18, 20

FED. R. EVID. 803.........................................................................................................18, 19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------x

ERIC GERSBACHER,

                                                    Plaintiff,

              -against-                                     14 Civ. 7600 (GHW) (KNF)

THE CITY OF NEW YORK, a municipal entity, NEW YORK
CITY POLICE OFFICER GONZALEZ, NEW YORK CITY
POLICE OFFICER RAMIREZ, NEW YORK CITY DEPUTY
INSPECTOR EDWARD WINSKI, NEW YORK CITY "John
Doe" POLICE OFFICERS 1-10,

                                                    Defendants.

----------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTIONS *IN LIMINE*

    Plaintiff Eric Gersbacher brings this action against defendant Inspector Edward Winski

alleging a violation of his civil rights under 42 U.S.C. § 1983.  Specifically, plaintiff alleges that

on September 20, 2011, defendant utilized excessive force during plaintiff's lawful arrest.  After

summary judgment motion practice, trial is scheduled to commence before the Honorable

Gregory H. Woods on December 18, 2017 on this single, narrow issue.

## PRELIMINARY STATEMENT

    Defendant, by his attorney, Zachary W. Carter, Corporation Counsel of the City of New

York, respectfully submits this memorandum of law in support of his motion seeking the

following *in limine* relief: plaintiff should be precluded from: (1) arguing failed theories of

liability or introducing evidence and testimony about dismissed claims; (2) referring to defense

counsel as "City attorneys;" including the City of New York in the caption to this action; or

referring to any City of New York policy or training; (3) suggesting that defendant  Winski will

be indemnified by the City of New York; (4) suggesting a dollar amount to the jury; (5) introducing his medical records; (6) introducing evidence to bolster his character; (7) inquiring into defendant's disciplinary history; (8) arguing about what defendant could have or should have done; (9) testifying or offering evidence about the New York City Police Department Patrol Guide; and (10) eliciting testimony or arguing about other instances of alleged police misconduct related to the Occupy Wall Street movement.

## LEGAL STANDARD

The purpose of a motion *in limine* is to allow the trial court to rule on the admissibility and relevance of certain anticipated evidence before that evidence is introduced at trial. Simpson v. City of New York, No. 12 Civ. 6577 (KBF), 2015 U.S. Dist. LEXIS 138723, at *2 (S.D.N.Y. Oct. 9, 2015), citing Luce v. United States, 469 U.S. 38, 40 n.2 (1984). Irrelevant evidence is not admissible. FED. R. EVID. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. In addition to relevancy, admissibility turns on the probative value and prejudicial nature of the evidence in question. Simpson, 2015 U.S. Dist. LEXIS 138723, at *2. Evidence may be excluded if "its probative value is substantially outweighed by a danger […] unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. The Court has "discretion to balance probative value against possible prejudice" under Rule 403. United States v. Bermudez, 529 F.3d 158, 161 (2d Cir. 2008) (citation omitted). The Court's determination of what constitutes relevant—and thereby admissible—evidence should be "guided by the nature of the claims and defenses presented." Banushi v. Police Officer Alvin L. Palmer Shield No. 04009 & Equashia Allen, No. 08 Civ. 2937(KAM), 2011 U.S. Dist. LEXIS 419, at *3-4 (E.D.N.Y. Jan. 4, 2011).

## ARGUMENT

### POINT I

### PLAINTIFF SHOULD BE PRECLUDED FROM ARGUING FAILED THEORIES OF LIABILITY AND INTRODUCING EVIDENCE ON FAILED CLAIMS [1]

**A. Plaintiff Should Be Precluded from Re-Litigating Failed Theories of Liability and Introducing Evidence Concerning Those Failed Claims.**

There is one claim—for excessive force—remaining to this action against one defendant—Inspector Winski. Based on the law of the case doctrine, plaintiff's presentation of his case-in-chief should be restricted to this one claim. Specifically, almost all of plaintiff's claims did not survive summary judgment. As the Court explained, the following claims are no longer part of this action: false arrest, failure to intervene, deliberate indifference to medical needs, First Amendment, and municipal liability. Gersbacher v. City of New York, No. 1:14-cv-7600-GHW, 2017 U.S. Dist. LEXIS 162707 (S.D.N.Y. Oct. 2, 2017). These rulings are the law of the case and should not be re-litigated at trial. See generally United States v. Thorn, 446 F.3d 378 (2d Cir. 2006) ("The law of the case doctrine counsels against revisiting our prior rulings in subsequent stages of the same case absent 'cogent' and 'compelling' reasons such as 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478, at 788 (1981) ("Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit."); Spencer v. Int'l Shoppes, Inc., 902 F. Supp. 2d 287, 296 (E.D.N.Y. 2012) (ruling that the factual findings made in connection with a prior summary

---

[1] Defendant reserves the right to utilize testimony and evidence regarding failed claims and purported damages resulting from those failed claims for impeachment purposes.

judgment decision are the law of the case for a subsequent motion). Thus, the Court should not allow plaintiff to re-litigate these already-dismissed claims.

Any evidence or testimony regarding previously dismissed claims would be confusing and would mislead the jury. To be clear, even at the risk of repetition, the *only* claim proceeding to trial is against defendant Winski,[2] the only defendant to this case, for allegedly "grabb[ing] [plaintiff] and [throwing] him off the tarp into a group of other officers [.]" Gersbacher, 2017 U.S. Dist. LEXIS 162707, at *6.   That is it.[3]   Plaintiff should be precluded from introducing evidence or testimony about any other purported force employed during his arrest as there are no defendants remaining to this action against who he can assert this claim.   Plaintiff should be precluded from arguing or introducing evidence regarding any assumptions he may have about any free-speech activity he may have been engaged in, the lawfulness of his arrest, and any purported deliberate indifference.   As these issues have already been adjudicated by the Court— in defendant's favor—any such testimony would serve no purpose other than distracting the jury.

Evidence related to dismissed-claims should also be precluded under Rules 401, 402, and 403 of the Federal Rules of Evidence.   As plaintiff's arrest has already been deemed lawful, any related evidence—such as the arrest report, criminal complaint report, plaintiff's list of arrests, plaintiff's online prisoner arraignment form, and the certificate of disposition related to plaintiff's criminal charges—is irrelevant to the remaining claim for excessive force.   It serves no purpose other allowing plaintiff's counsel to minimize the circumstances of plaintiff's arrest. The jury should be focused on whether the force employed during a lawful arrest was lawful. Introducing arrest-related paperwork would confuse the jury, implicitly ask them to analyze the

---

[2] Inspector Cardona is not a defendant to this action.
[3] As argued *infra* at Point I.G., plaintiff cannot pursue his claim for tight handcuffing.

lawfulness of plaintiff's arrest, and pull the case away from its gravitational center: the force plaintiff claims was employed.

Second, allowing at trial any evidence or testimony regarding the claims previously dismissed by the Court would be unduly prejudicial as defendant has already expended significant resources briefing these claims on a summary judgment motion, and would be required to expend additional resources preparing for the potential defense of these issues at trial.

Thus, allowing evidence or testimony on a myriad of claims previously advanced by plaintiff, and dismissed by the Court would confuse the issues and could result in an unfair or inconsistent verdict. Any evidence regarding claims that previously have been adjudicated and dismissed by the Court should be barred as irrelevant to plaintiff's remaining claim. Accordingly, plaintiff should be barred from offering evidence at trial regarding claims which have previously been dismissed by the Court.

**B. The Court Should Instruct the Jury on Its Summary Judgment Rulings.**

Similarly, for clarity, the Court should instruct the jury regarding its summary judgment rulings. Specifically,[4] defendant seeks a jury instruction regarding the lawfulness of plaintiff's arrest. See Hart v. RCI Hosp. Holdings, Inc., 90 F. Supp. 3d 250, 261 (S.D.N.Y. 2015) (holding that the ruling on summary judgment that the "dancers at the Club were employees" was "law of the case", that "the Court will notify the jury of that ruling[,]" and "it will not be re-litigated at trial"); The jury should be told plaintiff's arrest was proper and not constitutionally-violative. The purpose of this instruction would be to avoid any juror confusion. The jury may naturally be led to believe that because they are assessing the force employed during plaintiff's arrest, they

---

[4] As explained *infra* at Point I.H., plaintiff should be precluded from introducing any testimony or evidence regarding his asthma and from playing any portions of the video related to his deliberate indifference claim. To the extent the Court declines to preclude from doing so, defendant seeks a jury instruction regarding that aspect of the case as well.

should also assess the constitutionality of plaintiff's arrest. The jury may be interested in compensating plaintiff for the overall incident, rather than assessing the single claim before them. To avoid this, the Court should instruct the jury that plaintiff's arrest was lawful and tightly focus the jury's attention on this one remaining claim.

### C. Plaintiff Should Be Precluded from Playing Portions of the Video that Do Not Depict the Incident at Issue.

The incident at issue—the force employed by defendant—is a few seconds. It is captured on video. Other events that transpired on September 20, 2011 are also captured on video. Plaintiff should be precluded from playing video besides for a limited video of the incident as any such video is irrelevant, has little probative value, and would be prejudicial to defendant. Specifically, plaintiff should be precluded from playing the video of his arrest after his interaction with defendant Winski. First, this would preclude any video pertaining to plaintiff's alleged asthma attack, for which plaintiff's corresponding deliberate indifference claim has been dismissed. See *infra* at Point I.H. The jury may sympathize with plaintiff's purported asthma attack and confuse the issues. Second, this would also preclude extraneous video pertaining to Occupy Wall Street and any interaction with the police and other people (i.e. not plaintiff) on the date of incident, which will only serve to inflame the jury. See *infra* at Point X. The extraneous content of the videos is not of consequence in determining the action, which is only for excessive force by defendant Winksi. FED. R. EVID. 401. Thus, the Court should preclude it.

### D. Plaintiff Should Be Precluded from Testifying about Any Purported Damages Arising from Failed Claims.

Plaintiff should be barred from presenting testimony or evidence on any purported damages—physical or psychological—stemming from dismissed claims. See Eng v. Blood, No. 04 Civ. 1146 (NAM)(GHL), 2008 U.S. Dist. LEXIS 54802, *9-11 (N.D.N.Y. July 17, 2008)

(barring testimony or evidence on emotional damages stemming from dismissed claim as not relevant to remaining claim).  The purpose of § 1983 is to adapt to the constitutional context "the common law of torts [which] has developed a set of rules to implement the principle that a person should be compensated fairly for injuries caused by the violation of his legal rights.'" Carey v. Piphus, 435 U.S. 247, 257 (1978).  Plaintiff must prove that defendant's actions proximately caused his injuries.  See, Loria v. Gorman, 306 F.3d 1271, 1287 (2d Cir. 2002).

Here, it has already been established by this Court that the complained-of actions, besides for the single action remaining for trial, did not violate plaintiff's rights.  Because almost all of plaintiff's claims have been dismissed, the corresponding claims for damages pertaining to those injuries are also dismissed.  The only police actions that can be considered at trial as a cause for injury (thus entitling plaintiff to damages) are the grab and throw by defendant Winski.  Any damages allegedly sustained during plaintiff's arrest, detention, handcuffing, need for an inhaler, are irrelevant, unviable, and not for juror consumption.

### E.  Plaintiff Should Be Precluded from Calling Police Officer Allan Gonzalez as a Witness.

Police Officer Allan Gonzalez is no longer a defendant to this action.  His only involvement in this incident is processing plaintiff's arrest paperwork as the assigned arresting officer.  Police Officer Gonzalez has no personal knowledge regarding the remaining claim to this case.  See FED. R. EVID. 602.  Police Officer Gonzalez did not physically arrest plaintiff in Zuccotti Park.  (See Relevant Excerpts from the Deposition of Allan Gonzalez (hereinafter "Gonzalez Dep."), annexed to the Declaration of Brachah Goykadosh dated November 20, 2017 (hereinafter "Goykadosh Decl.") as Exhibit "A" at 173:23-34).  Nor was Police Officer Gonzalez present in Zuccotti Park at the time of plaintiff's arrest.  (Gonzalez Dep., Goykadosh Decl., Exhibit "A" at 174:4-6).  Because Police Officer Gonzalez was across the street from Zuccotti

Park in the police van, the first time he encountered plaintiff was when plaintiff was brought to the police van, after plaintiff's arrest and after the alleged use of force. (Gonzalez Dep., Goykadosh Decl, Exhibit "A" at 174:7-14). As Police Officer Gonzalez has no personal knowledge regarding the incident at issue, plaintiff should be precluded from squandering taxpayer resources and wasting trial time by calling him as a witness.

That plaintiff was charged with resisting arrest by Police Officer Gonzalez is irrelevant to this trial. Again, the Court has ruled that plaintiff's arrest was lawful. See *supra* at Point I.A.

## F. Plaintiff Should Be Precluded from Calling Miriam Rocek and Giles Clark as Witnesses.

On March 23, 2016, under Rule 26(a)(1)(A)(i), plaintiff disclosed Miriam Rocek[5] as an individual with discoverable information. (See Disclosure dated March 23, 2016 by Plaintiff (hereinafter "Plaintiff's Disclosure"), Goykadosh Decl., Exhibit "B" at 1). Plaintiff identified the subject of discoverable information that Rocek would be likely to have as "[b]elieved to be [the Occupy Wall Street] [m]edic who administered [an] inhaler to [p]laintiff." (Plaintiff's Disclosure, Goykadosh Decl., Exhibit "B" at 1). In support of his opposition to defendant's motion for summary judgment, plaintiff included an affidavit from Rocek that stated she had "clear recollections" of the date of incident; that the protestors complied with the police orders; and that the incident with plaintiff occurred after this compliance. (Affidavit from Miriam Rocek dated October 26, 2016 (hereinafter "Rocek Affidavit"), Goykadosh Decl., Exhibit "C"). No further information was provided.

Similarly, on March 2, 2016, plaintiff responded to defendants' First Discovery Request. (See Relevant Excerpts from Plaintiff's Responses to Defendant's First Discovery Request dated March 2, 2016 (hereinafter "Plaintiff's Discovery Responses"), Goykadosh Decl., Exhibit "D").

---

[5] This individual's name is spelled "Miriam Rosec" on the proposed Joint Pre-Trial Order.

In response to defendants' interrogatory requesting information identifying "all persons who witnessed, were present at, or have knowledge of the Incident, including the home and business addresses and telephone numbers of each witness," plaintiff objected on the grounds that this request "was not relevant or reasonably calculated to lead to the discovery of admissible evidence," but included the name "Giles Clarke."[6]   (See Plaintiff's Discovery Responses, Goykadosh Decl., Exhibit "D" at 2).   Plaintiff failed to include identifying information, such as the information required by Local Civil Rule 26.3.   Plaintiff further failed to supplement this response.   The "subject of [the] information" that Giles Clark was likely to have was not included as part of this disclosure.   Nor was it ever disclosed during the course of discovery.

Plaintiff's Disclosures, the Rocek Affidavit, and Plaintiff's Discovery Responses are conspicuously silent about any alleged use of force.   To the extent that Rocek did personally witness the incident, that information was not disclosed to defendant as required under Rule 26(a)(1)(A)(i); nor was it included in the affidavit.   Likewise, to the extent Clark did personally witness any alleged use of force, that information was never disclosed to defendant.   It is unclear why plaintiff would hide the ball.

Rule 26 of the Federal Rules of Civil Procedure mandates that a party disclose the identity of witnesses and the subject of the discoverable information.   See FED. R. CIV. P. 26. "The Rule also contains a duty to supplement discovery responses if it later becomes known that a response is incorrect or incomplete, unless the information has otherwise been made known to the party during the discovery process."   Bynum v. Metro. Transp. Auth., No. 01-cv-7945 (CLP), 2006 U.S. Dist. LEXIS 98617, at *4 (E.D.N.Y. Nov. 21, 2006), citing FED. R. CIV. P. 26. A party that fails to amend a previous response is "not permitted to use such information as

---

[6] While spelled "Giles Clarke" in Plaintiff's Discovery Responses, the witness's name is spelled "Giles Clark" on the proposed Joint Pre-Trial Order.   Defendant follows the spelling on the proposed Joint Pre-Trial Order herein.

evidence, unless there is substantial justification provided for the failure and such failure is harmless." Bynum, citing FED. R. CIV. P. 37(c)(1); Triola v. Snow, No. 01-cv-1603, 2006 U.S. Dist. LEXIS 13146 (E.D.N.Y. Mar. 15, 2006) (noting that "Rule 37 specifically identifies preclusion as a possible sanction where a party offers no substantial justification for late disclosure"). In determining whether a witness should be precluded, the Court should consider: "(1) the party's explanation for the failure to comply; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." See Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006).  It is the plaintiff's burden to establish lack of prejudice, not defendant's burden.  See Castro v. City of New York, No. 06-cv-2253 (KAM) (RER), 2009 U.S. Dist. LEXIS 69723, at *6 (E.D.N.Y. Aug. 10, 2009).

Here, there is nothing in either Plaintiff's Disclosures, the Rocek Affidavit, or Plaintiff's Discovery Responses to alert defendant to the fact that Rocek and Clark may have discoverable information or personal knowledge regarding the alleged use of force claim.  There is no knowable explanation for plaintiff's failure to comply with Rule 26.  To the extent that Rocek or Clark merely wish to testify about the general Occupy Wall Street milieu on September 20, 2011 or plaintiff's asthma, both are irrelevant.  See Point I.A.  See also FED. R. EVID. 402.  Moreover, to the extent that Rocek or Clark did witness the alleged use of force—and again, defendant had no way of knowing that—defendant will be highly prejudiced as a result of having to prepare to meet this new testimony.  At worst, this reeks of trial by ambush.  At best, plaintiff should not be rewarded for slipshod lawyering.  Thus, Rocek and Clark should be precluded from testifying in this action.  But if Court allows Rocek and Clark to testify, then defendant should be permitted to briefly depose Rocek and Clark in advance of trial.

**G. Plaintiff Should Be Precluded from Testifying or Introducing Any Evidence About His Tight Handcuffing Claim.**

Plaintiff's tight handcuffing claim should be deemed abandoned by the Court. In its Order on defendant's motion for summary judgment, the Court held that "whether Defendants employed excessive force in securing his wrists must be decided by a jury." Gersbacher, 2017 U.S. Dist. LEXIS 162707, at *27. The Court further explained that "Gersbacher will have the opportunity to demonstrate the scarring that he sustained to the jury in support of his excessive force claim." Id. at at *27, n.14. The problem is that there is no defendant against whom this claim for tight handcuffing is asserted.

It is well-settled in this Circuit that the personal involvement of defendants in a constitutional violation is a prerequisite to an award of damages under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). Instead, "each Government official . . . is only liable for his . . . own misconduct." Iqbal, 556 U.S. at 677. See also Corley v. City of New York, No. 14 Civ. 3202 (GHW), 2017 U.S. Dist. LEXIS 162761, at *16, 35 (S.D.N.Y. Sep. 28, 2017), citing Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (explaining that when a plaintiff did not allege personal involvement, the allegation did not contain the necessary prerequisite for a § 1983 action). In § 1983 cases, the plaintiff must prove that the defendant's actions are the proximate cause of plaintiff's injuries. See, e.g., Loria v. Gorman, 306 F.3d 1271, 1287 (2d Cir. 2002). Even plaintiff's complaint appears to concede that an unknown police officer—and not defendant Winski—handcuffed plaintiff. (See Complaint, Goykadosh Decl., Exhibit "E" at ¶53).

Defendant Winski, the only remaining defendant to this action, did not handcuff plaintiff. (See Videos of Plaintiff's Handcuffing, Goykadosh Decl., Exhibit "F"). The videos depicts at least portions of plaintiff's handcuffing and are incontrovertible evidence. "Incontrovertible

11

evidence relied on by the moving party, such as a relevant videotape whose accuracy is unchallenged, should be credited by the court . . . if it so utterly discredits the opposing party's version that no reasonable juror could fail to believe the version advanced by the moving party." Zellner v. Summerlin, 494 F.3d 344, 371 (2d Cir. 2007) (citation omitted).  The video clearly depicts two officers in uniform—who are not defendant Winski—handcuffing plaintiff.  (See Video of Plaintiff's Handcuffing, Goykadosh Decl., Exhibit "F").  There is no evidence on the record to support the assumption that defendant Winski had any personal involvement whatsoever in plaintiff's handcuffing.  There is no evidence that plaintiff can point to in the record to support the contention that defendant Winski handcuffed him.

Simply, the Court should ask, if this tight handcuffing claim proceeded to trial, who would it be asserted against? There is no defendant.  Presenting evidence on this claim would confuse the jury: they may believe that if plaintiff can prove damages resulting from the tight-handcuffing, then defendant Winski should be held liable.  But as the handcuffing is not conduct by defendant Winski, plaintiff has not met the necessary prerequisite, and defendant cannot be liable.  Thus, plaintiff should be precluded from presenting any evidence on tight-handcuffing.

## H.  Plaintiff Should Be Precluded from Testifying or Introducing Evidence About His Asthma.

The Court should not allow plaintiff to testify or introduce evidence concerning his purported asthma attack.  As an initial matter, the claim for deliberate indifference associated with this asthma attack has been dismissed.   Thus, that plaintiff experiences asthma is not relevant. FED. R. EVID. 401, 402.  Moreover, introducing plaintiff's asthma may mislead the jury into believing that they should be assessing plaintiff's asthma as a factor in case; this is clearly prejudicial to defendants. Testimony about plaintiff's purported asthma attack may cause the jury to sympathize and feel sorry for plaintiff.  But again, as plaintiff's asthma attack is not an issue

for the jury to decide and has no tendency to make any fact more or less probable, testimony or evidence concerning plaintiff's asthma should be precluded.

## POINT II

### PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO DEFENSE COUNSEL AS "CITY ATTORNEYS" OR INCLUDING THE CITY OF NEW YORK IN THE CAPTION TO THIS ACTION

There are no federal claims against the City of New York that will be presented to the jury because plaintiff's <u>Monell</u> has been dismissed.  <u>Gersbacher v. City of New York</u>., No. 1:14-cv-7600-GHW, 2017 U.S. Dist. LEXIS 162707, at *38-45 (S.D.N.Y. Oct. 2, 2017).   Thus, plaintiff should be precluded from prejudicial references to the City of New York.

### A. Plaintiff Should Be Precluded from Referring to Defense Counsel as "City Attorneys."

First, plaintiff should be precluded from referring to defense counsel as "City attorneys." This request is a "standard request in these types of actions" and the concerns underlying this request are "valid."  <u>Simpson v. City of New York</u>, No. 12 Civ. 6577 (KBF), 2015 U.S. Dist. LEXIS 138723, at *16 (S.D.N.Y. Oct. 9, 2015).  Any reference would be inaccurate as it fails to account for the actual defendant, Inspector Winski. Also, referring to defense counsel as City attorneys would be prejudicial to defendant, as it may create the impression that the City—often viewed as a deep pocket—will pay any potential verdict.  Thereby, the jury may not "critically" assess liability or damages.  <u>Simpson</u>, 2015 U.S. Dist. LEXIS 138723, at *16.

To offset this potential prejudice, defendant proposes that defense counsel simply be identified as attorneys from the Corporation Counsel.  See <u>Williams v. McCarthy</u>, No. 05 Civ. 10230 (SAS), 2007 U.S. Dist. LEXIS 79151, at *24-25 (S.D.N.Y. Oct. 25, 2007).   Courts this District have routinely precluded plaintiffs from referring to defense counsel as "City attorneys" and instead identified defense counsel as attorneys from the Office of Corporation Counsel or

defendant's counsel in several recent cases.  See e.g. Jaquez v. Flores (In re Estate of Jaquez),

No. 10 Civ. 2881 (KBF), 2016 U.S. Dist. LEXIS 34521, at *5 (S.D.N.Y. Mar. 17, 2016);

Simpson, 2015 U.S. Dist. LEXIS 138723, at *16-17;

### B. Plaintiff Should Be Precluded from Including the City of New York in the Caption to this Action.

The City of New York should be removed from the caption to this action.  There are no

remaining claims for municipal liability against the City of New York.  See Gersbacher v. City

of New York., No. 14 Civ. 7600 (GHW), 2017 U.S. Dist. LEXIS 162707, at *38-45 (S.D.N.Y.

Oct. 2, 2017).  Including the City of New York in the caption will confuse the jury and should be

precluded under Rule 403.

### C. Plaintiff Should Be Precluded from Inquiring about City of New York Trainings, Policies, or Practices.

As there is no claim for municipal liability in this action, plaintiff should be precluded

from inquiring about any New York City Police Department training or from mentioning any

alleged New York City Police Department policy or practice.  Any inquiries or statement by

plaintiff would be irrelevant, confuse the jury, and waste time. See FED. R. EVID. 402.

Thus, as the City of New York is no longer a defendant to this action, and as it would be

prejudicial to defendant Winski to refer to defense counsel as "City attorneys," plaintiff should

be precluded from referring to defense counsel as "City attorneys;" from including the City of

New York in the caption to this action; and from inquiring into or introducing evidence

pertaining to City of New York trainings, policies, or practices.

## POINT III

## PLAINTIFF SHOULD BE PRECLUDED FROM SUGGESTING THAT DEFENDANT WINSKI WILL BE INDEMNIFIED BY THE CITY OF NEW YORK

Plaintiff should be precluded from presenting any evidence or argument to the jury regarding the City of New York's potential obligation to indemnify defendant Winski under New York General Municipal Law. An argument about indemnification is irrelevant, would seriously prejudice defendants, lacks evidentiary value, and is not admissible.

Indemnification has no bearing on the facts of plaintiff's claims or damages. See, e.g., Lawson v. Trowbridge, 153 F.3d 368 (7th Cir. 1998) (stating that it is generally improper to inform the jury about government indemnification); Larez v. Holcomb, 16 F.3d 1513, 1519 (9th Cir. 1994) (finding district court's instruction that city would indemnify defendant police officer constituted prejudicial error); Green v. Baron, 879 F.2d 305, 310 (8th Cir. 1989) (characterizing jury instruction that the state will indemnify an employee for compensatory damages as "extremely prejudicial"); Williams, 2007 U.S. Dist. LEXIS 79151, at *24-25 (precluding admission of evidence of the City's potential indemnification of defendant police officers on relevancy grounds); McGuire v. Bridgeport & Port Jefferson Steamboat Co., No. 00 Civ. 5951 (WK), 2001 U.S. Dist. LEXIS 19753, at *4 (S.D.N.Y. Nov. 29, 2001) (finding indemnification evidence not relevant at trial). This prejudice is what the Federal Rules of Evidence seek to avoid by denying admission of evidence of indemnification agreements. See FED. R. EVID. 411, Advisory Committee's Note ("More important, no doubt, has been the feeling that knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds. McCormick § 168; Annot., 4 A.L.R.2d 761.").

15

If the jury is permitted to assume that any verdict will be paid by City of New York, the jury may not make a careful effort to assess liability or to determine plaintiff's alleged damages. Generally, "courts exclude evidence of indemnification out of a fear that it will encourage a jury to inflate its damages award because it knows the government—not the individual defendants— is footing the bill." Lawson, 153 F.3d at 379; see also Larez, 16 F.3d at 1518 (holding that "evidence of insurance or other indemnification is not admissible on the issue of damages . . ."). Thus, district courts in this Circuit routinely preclude parties from mentioning the possibility of indemnification at trial. See e.g., Edwards v. City of New York, No. 08 Civ. 2199 (TLM), 2011 U.S. Dist. LEXIS 75300 at *14 (E.D.N.Y. July 13, 2011) ("Indemnification is not relevant to any issue before the jury and plaintiff will not be permitted to inform the jury that defendant might be indemnified by the City."); Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 550 (E.D.N.Y. 2011) (precluding plaintiff from mentioning City's potential indemnification of officers); Jean-Laurent v. Wilkinson, No. 05 Civ. 0583 (VM), 2009 U.S. Dist. LEXIS 20472, at *8 (S.D.N.Y. Mar. 13, 2009) (same); Williams v. McCarthy, 2 No. 05 Civ. 10230 (SAS), 2007 U.S. Dist. LEXIS 79151, at *24-25 (S.D.N.Y. Oct. 25, 2007) (same) (citing cases).

Furthermore, a decision as to whether the City will indemnify the individual defendants cannot be made until after the trial. See N.Y. GEN. MUN. L. §§ 50-k(3)-(4). Under General Municipal Law § 50(k) although the Corporation Counsel undertakes legal representation based on a finding that the employee's conduct satisfied the scope of employment standard, the City can still "withhold[] indemnification if a judgment determining the facts regarding the employee's acts or omissions declares otherwise." Banks v. Yokemick, 144 F. Supp. 2d 272, 283 (S.D.N.Y. 2002). Thus, any evidence or testimony concerning any potential indemnification by the City would be unduly prejudicial.

Simply, indemnification has no bearing on plaintiff's claims and is not relevant to any issue before the jury. Skinner v. City of New York, No. 15 Civ. 6126 (KAM), 2017 U.S. Dist. LEXIS 104650, at *7 (E.D.N.Y. Apr. 7, 2017). Thus, the Court should preclude plaintiff from suggesting that the City of New York will indemnify defendant Winski.

POINT IV

**PLAINTIFF SHOULD BE PRECLUDED FROM SUGGESTING A DOLLAR AMOUNT FOR DAMAGES TO THE JURY**

If plaintiff proves that he is entitled to damages, he should be precluded from suggesting a specific dollar amount to the jury. While the Second Circuit has not adopted a flat prohibition of suggesting a specific dollar amount to the jury, it has emphasized that specifying target amounts for the jury to award is disfavored. See Phillips v. City of New York, 871 F. Supp. 2d 200, 208 (E.D.N.Y 2012) (citing Consorti v. Armstrong World Indus., 72 F.3d 1003, 1016 (2d Cir. 1995), vacated on other grounds, 116 S. Ct. 2576 (1996)). Such suggestions unlawfully anchor the jurors' expectations of a fair award at a place set by counsel, rather than by the evidence. Id.; see also Mileski v. Long Island R.R., 499 F.2d 1169, 1172 (2d Cir. 1974) ("A jury with little or no experience in such matters, rather than rely upon its own estimates and reasoning, may give undue weight to the figures advanced by plaintiff's counsel . . ."). The Court in Consorti went on to state:

> "A jury is likely to infer that counsel's choice of a particular number is backed by some authority or legal precedent. Specific proposals have a real potential to sway the jury unduly. . . . We encourage trial judges to bar such recommendations."

72 F.3d at 1016.

Moreover, "the view of a jury drawn from a cross-section of society" can accurately determine any monetary value for alleged damages, without input from plaintiff's counsel.

17

Simpson, 2015 U.S. Dist. LEXIS 138723, at *17.  Indeed, "the only reason to articulate a number" to the jury is to "unfairly influence" the jury.  Id. at 17-18.  The Court should not allow it.  As such, plaintiff should be precluded from suggesting a specific dollar amount to the jury during the opening statement, during the testimony of any witness, and during summation.

**POINT V**

**PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING HIS MEDICAL RECORDS** [7]

Rule 801(c) of the Federal Rules of Evidence defines hearsay as "a statement that . . . the declarant does not make while testifying at the current trial or hearing; and . . . a party offers in evidence to prove the truth of the matter asserted in the statement."  Rosioreanu v. City of New York, 07-CV-2925 (LB), 2012 U.S. Dist. LEXIS 26424, *6 (E.D.N.Y. Feb. 29, 2012). "Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court."  Id. at *6-7; FED. R. EVID. 802.

Medical records . . . can be admissible under Federal Rule of Evidence 803(6), provided they are prepared in the regular course of business, near the time of occurrence, by a person with knowledge and are properly authenticated.  Hodges v. Keane, 886 F. Supp. 352, 356 (S.D.N.Y. 1995) (citing Romano v. Howarth, 998 F.2d 101, 108 (2d Cir. 1993)).  "The principal precondition to admission of documents as business records pursuant to Fed. R. Evid. 803(6) is that the records have sufficient indicia of trustworthiness to be considered reliable."  Saks Int'l, Inc. v. M/V "Export Champion", 817 F.2d 1011, 1013 (2d Cir. 1987).  When no "custodian of records or other qualified witness" is available to testify as to the trustworthiness of the "source of information or the method or circumstances of preparation" of a record, it is ordinarily

---

[7] Defendant reserves the right to use plaintiff's medical records for impeachment purposes.

inadmissible under Rule 803(6).  Kamara v. United States, 04 Civ. 626 (THK), 2005 U.S. Dist. LEXIS 20651, at *10 (S.D.N.Y. Sept. 20, 2005).

Here, plaintiff seeks to introduce various medical records—not all of which are even relevant to the claim asserted.  Each of these reports were created and authored by doctors who are not on plaintiff's witness list.  Therefore, these reports are hearsay since they are out of court statements of declarants and plaintiff seeks to offer them in evidence to prove the truth of their contents.  Moreover, these documents cannot be authenticated.  Without a custodian of records or the doctors who authored the documents available to testify as to the trustworthiness of the information contained therein or the preparation of the documents, it is inadmissible as a business records under Rule 803(6) of the Federal Rules of Evidence.

Furthermore, the jury would only be confused if these documents were to come into evidence without someone to interpret the contents of the documents.  Defendant would likewise be prejudiced by these reports in evidence without someone to interpret their contents because the jury can misinterpret and make incorrect inferences from the medical terminology.  Any introduction would invite the jury to play the role of armchair-physician and speculate about the contents of the records. Accordingly, defendant submits that plaintiff should be precluded from introducing his medical records.

## POINT VI

### PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING ANY EVIDENCE TO BOLSTER HIS CHARACTER

Plaintiff should be precluded from introducing any evidence or testimony regarding his college transcript, high school report card, high school honors letter, tutoring documents, and little league coach documents on the grounds that this evidence is not relevant, is hearsay, is inadmissible character evidence, and would be unduly prejudicial to the defendants.

Rule 404(a)(1) of the Federal Rules of Evidence prohibits the use of evidence of a person's character or character trait "to prove that on a particular occasion the person acted in accordance with the character or trait." Therefore, plaintiff cannot exploit these proffered exhibits to prove that he was more likely to have acted in the manner in which he claims he behaved. Moreover, this evidence would be hearsay, as plaintiff intends to offer it for the truth of the matter asserted by a declarant not being called to testify in this matter. See FED. R. EVID. 801, 802 Even assuming that the recognitions and awards are relevant to plaintiff's purported claim for damages—and defendant contends that they are not—the only relevance would be the statements contained in those items, which were not made by plaintiff or his witnesses at trial.

Finally, even if the Court determines that this character evidence is relevant and does not constitute hearsay, it should still be excluded. "The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. See FED. R. EVID 403. By allowing plaintiff to introduce these his transcripts, honors letter, tutoring documents, and little league coach documentation, the Court would be allowing plaintiff to bolster his own character. Without the right to cross-examine the individuals who gave plaintiff these commendations and grades, defendants would be unduly prejudiced. Furthermore, as plaintiff's character is not an element of any of plaintiff's claims, this testimony would confuse the issues and mislead the jury into believing that the opinions of these entities was relevant to whether or not the officers violated plaintiff's constitutional rights. Accordingly, any character evidence should be precluded.

## POINT VII

## PLAINTIFF SHOULD BE PRECLUDED FROM INQUIRING INTO DEFENDANT'S DISCIPLINARY HISTORY

Plaintiff should be precluded from inquiring about any disciplinary histories and civil rights actions which have been filed against defendant, because such questioning is in direct conflict with Federal Rule of Evidence 404(b).  Rule 404(b) states that evidence of past acts "to prove the character of a person in order to show action in conformity therewith . . ." is inadmissible.  Under Rule 404(b), evidence of past acts are only admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . ." However, evidence of prior bad acts is not automatically admissible simply because the proponent has articulated some not-for-character purpose.

As the Supreme Court held in Huddleston v. United States, 485 U.S. 681, 688, (1988), the decision to admit evidence under Rule 404(b) also depends on "whether the danger of unfair prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." Thus, Rule 404(b) requires a two-part analysis: first, whether the proposed evidence fits within one of the "exceptions" provided by the Rule; and second, even if it does, a balancing test under Rule 403, of whether the evidence's probative value is substantially outweighed by the potential for jury confusion or prejudice.  Lombardo v. Stone, et al., 2002 U.S. Dist. LEXIS 1267, at *8 (S.D.N.Y. 2002); see also Advisory Committee Notes to FED. R. EVID. 404(b).

Here, inquiry about any disciplinary histories, and other civil rights claims could not be used to establish any of the 404(b) exceptions because plaintiff has no claim for municipal liability.  Second, the potential for confusion or prejudice substantially outweighs any probative

value.  Thus, plaintiff should be precluded from questioning the individual defendants regarding their disciplinary histories and/or other civil rights claims which have been filed against them.

## POINT VIII

### PLAINTIFF SHOULD BE PRECLUDED FROM ARGUING ABOUT WHAT DEFENDANT COULD OR SHOULD HAVE DONE

Plaintiff should be precluded from offering any testimony or arguing about what he believes that defendant could or should have done.  Any testimony about what defendant could or should have or could have done in effectuating plaintiff's arrest is irrelevant under Rule 402.

The determination to be made by the jury is whether the *actual* conduct that took place was lawful.  Providing plaintiff with the opportunity to hypothesize and imagine alternate realities about what may have happened if defendant chosen different actions is beyond the scope of this narrow litigation.  Testimony from plaintiff about what the police could or should have done will confuse the jury by intermingling hypothetical assertions with fact.  Any testimony that the defendants could have or should have taken another course of action is wholly irrelevant to whether plaintiff's rights were violated and invites the jury to engage in rank speculation.  Moreover, even if the evidence is deemed relevant, plaintiff's personal opinion about what police action would have been more appropriate has no probative value to the case should be precluded under Rule 403.  Indeed, the standard jury instruction for an excessive force claim specifically directs the jury not to consider the least amount of force that could have been used (sitting in the quiet of the courtroom) but rather whether the force used was excessive.  Therefore, any testimony by plaintiff about what officers could have or should have done has no probative value, is unduly prejudicial, and should be precluded.

POINT IX

**PLAINTIFF SHOULD BE PRECLUDED FROM TESTIFYING ABOUT OR OFFERING EVIDENCE CONCERNING THE NEW YORK CITY POLICE DEPARTMENT PATROL GUIDE**

Plaintiff should be precluded from referring to and offering any evidence of NYPD procedure or patrol guide provision. In this case—as plaintiff brings a federal civil rights lawsuit alleging a Fourth Amendment violation and not a Patrol Guide violation—the Constitution controls. Thus, any patrol guide provision should be precluded under Rules 402 and 403.

First, the standards set forth as per NYPD procedure are merely guidelines established by the New York City Police Department, and are not the standards of the United States Constitution. A particular action could potentially violate the Patrol Guide without violating the Constitution. In light of plaintiff's claims that his constitutional rights were violated, any NYPD guidelines, whether or not followed to the letter, are irrelevant to that determination. See Smith v. Freland, 954 F.2d 343, 347 (6th Cir. 1992) ("[u]nder § 1983, the issue is whether [the officer] violated the Constitution, not whether he should be disciplined by the local police force").

Second, any reference to alleged "violations" of NYPD procedure, meaning that the individual defendant, or non-party police officers, did not follow the exact guidelines, would only confuse the jury. If the jury is presented with the proffered portions of NYPD procedure, it is likely to wrongly assume that NYPD procedure sets out the standard by which they are to evaluate the individual defendant's alleged actions.

While the Patrol Guide provides guidelines, it does not create legal duties or obligations. The Patrol Guide is "intended to serve as a guide for the members of the Police Department." Brown v. City of New York, No. 13 Civ. 1018 (KBF), 2016 U.S. Dist. LEXIS 53365, at *23 (S.D.N.Y. Apr. 20, 2016) (citations and quotations omitted); see also Brown v. City of New

23

York, 862 F.3d 182, 192 (2d Cir. 2017) ("we must reject Brown's argument that summary judgment on qualified immunity grounds was improper because the officers allegedly violated the New York City Police Department Patrol Guide directive").   That any of the NYPD's policy were not adhered to has no bearing on plaintiff's constitutional rights.   A city can certainly choose to hold its officers to a higher standard than that required by the Constitution without being subjected to increased liability under § 1983.

Inviting the jury to utilize the Patrol Guide in their determination of whether plaintiff's civil rights were violated undermines the Constitution.   This confuses the jury as to the distinction between policies and guidelines generated by a municipal agency and federal civil rights bastioned by the Constitution.   The Patrol Guide is not relevant to any determination of whether plaintiff's constitutional rights were violated.   The Court should preclude plaintiff from conflating the Patrol Guide with the Constitution.

### POINT X

**PLAINTIFF SHOULD BE PRECLUDED FROM ELICITING TESTIMONY OR ARGUING ABOUT OTHER INSTANCES OF ALLEGED POLICE MISCONDUCT RELATED TO THE OCCUPY WALL STREET MOVEMENT**

The Court should preclude plaintiff from eliciting testimony or arguing about other instances of alleged police misconduct related to the "Occupy Wall Street" movement.   Any references to other allegations of police misconduct—unrelated to this case, for which only one narrow issue remains—are irrelevant, inadmissible, and would only serve to inflame the jury against defendant and the New York City Police Department.

More specifically, as the Court is aware, plaintiff's arrest occurred during the highly-publicized Occupy Wall Street protests.   In the course of this trial, plaintiff and his counsel may

24

attempt to reference other police actions, other cases involving alleged misconduct by police during Occupy Wall Street and other protests, or other instances of alleged police misconduct in the media.    Allegations of misconduct by non-party officers that plaintiff claims to have witnessed as a protestor, that have been reported in the media, or that are related to the Occupy Wall Street movement should be precluded. Moreover, plaintiff or his counsel may try to highlight alleged conflicts between the police and protestors during this period.   This would confuse the jury.   Such evidence is highly prejudicial and has no probative value as to the facts and circumstances of plaintiff's apprehension.   Whether some other officer at some other time allegedly violated the constitutional rights of another person has no capacity to establish or refute the salient facts of this matter.   Nor would excessive, unconstrained narrative about the Occupy Wall Street movement serve any purpose.   Occupy Wall Street is not on trial.   Plaintiff is.

Thus, while the Occupy Wall Street movement provides the relevant backdrop for the events that plaintiff complains of, it has no bearing whatsoever on plaintiff's claim.    Therefore, plaintiff should be precluded from glamorizing the Occupy Wall Street movement, referring to the elite or one-percent, dramatizing police action in the context of Occupy Wall Street, or talking in general terms about what happened during the Occupy Wall Street, beyond his apprehension.   Simply, plaintiff should be precluded from hinging his remaining claim on a now defunct movement and inflating his claim by focusing on tensions between the police and protestors during this time.

## POINT XVII

## DEFENDANT RESERVES THE RIGHT TO FILE SUPPLEMENTAL MOTIONS *IN LIMINE*

Defendant respectfully reserves his right to object to any *in limine* motions submitted by plaintiff and to file supplemental motions *in limine*.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court grant his motions in their entirety, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 20, 2017

**ZACHARY W. CARTER**
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendant Inspector Winski*
100 Church Street
New York, New York 10007
(212) 356-3523

By: _____
    Brachah Goykadosh
    *Assistant Corporation Counsel*
    Special Federal Litigation Division

cc:    All counsel of record (by ECF only)